UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOCUMENT
ELECTRONICALLY FILED
D∴C#: _____
DATE FILED: 12/20/10

-------------------------------------------------------------------------X
                  :
IN RE LG.PHILIPS LCD CO., LTD.         : Civil Action
SECURITIES LITIGATION           : No. 07-CV-909
_____
                  :
This Document Relates to:        :
                  :
ALL ACTIONS                 :
                  :
                  :
                  :
-------------------------------------------------------------------------X

## PRELIMINARY APPROVAL ORDER

SULLIVAN, D.J.,

WHEREAS:

A.      The Parties have entered into a proposed settlement of the claims asserted in the Class Action (the "Settlement").  The terms of the Settlement are set forth in a Stipulation and Agreement of Settlement, dated October 15, 2010 (the "Stipulation");[1]

B.      The Parties have moved, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure ("Rule 23"), for an Order preliminarily approving the Settlement, providing notice of the proposed Settlement to members of the Class in accordance with the Stipulation and setting a Fairness Hearing (the "Preliminary Approval Order");

C.      The Stipulation provides for the conditional certification of the Class solely for purposes of the Settlement; and

D.      The Court having read and considered the Stipulation and the exhibits annexed thereto, including the proposed Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the proposed Summary Notice of Proposed Settlement of Class Action (the "Summary Notice"), the proposed form of Proof of Claim and Release, and the proposed Judgment and Order of Dismissal, and finding that substantial and sufficient grounds exist for entering this Order;

IT IS HEREBY ORDERED:

1.      For purposes of this Order, except where stated otherwise, all capitalized terms are as defined in the Stipulation.

---

[1]  Unless otherwise defined herein, capitalized terms are as defined in the Stipulation.

**Fairness Hearing**

2.      Absent further Order by the Court, the Fairness Hearing shall be held on March 17, 2011 at 9:30 a.m., before the Honorable Richard J. Sullivan, United States District Judge, at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Room 21C̶, New York, New York 10007-1312, to determine (a) whether the Settlement should be approved as fair, reasonable and adequate to the Class Members; (b) whether the Plan of Allocation is fair, reasonable and adequate and should be approved; (c) whether the Class should be finally certified for settlement purposes; (d) whether to approve Lead Counsel's application for an award of attorneys' fees and expenses; and (e) whether a Judgment and Order of Dismissal substantially in the form annexed hereto as Exhibit 4 (also annexed to the Stipulation as Exhibit E), should be entered, *inter alia*, dismissing with prejudice the Released Claims of Lead Plaintiffs and all Class Members against the Defendant Released Parties;

3.      All motions and papers in support of the Settlement, the proposed Plan of Allocation, and Lead Counsel's application for attorneys' fees and expenses, shall be submitted on or before twenty-one (21) calendar days before the Fairness Hearing, and all reply briefs in support of said motions shall be submitted on or before seven (7) calendar days before the Fairness Hearing.

**Preliminary Class Certification for Settlement Purposes**

4.      Solely for purposes of the Stipulation and the Settlement, the Court now finds and concludes that:

(a)      For purposes of a settlement Class only, the requirements of Rule 23(a) are satisfied, as (1) the members of the Class are so numerous that joinder of all members of the

2

Class is impracticable; (2) there are questions of law and fact common to the Class which predominate over any individual questions; (3) the claims of the Lead Plaintiffs are typical of the claims of the Class; and (4) in negotiating and entering into the Stipulation, the Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all members of the Class in that (i) the interests of Lead Plaintiffs and the nature of their alleged claims are consistent with those of the other members of the Class, (ii) there appear to be no conflicts between or among the Lead Plaintiffs and the Class proposed in the Class Action, (iii) the Lead Plaintiffs have been and appear to be capable of continuing to be active participants in both the prosecution and the settlement of the Class Action, and (iv) the Lead Plaintiffs and the Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated securities fraud class actions; and

(b) For purposes of a settlement Class only, the requirements of Rule 23(b)(3) are satisfied, as (1) the questions of law and fact that are common to the Class predominate over any individual questions; and (2) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, considering (i) the interests of the members of the Class in individually controlling the prosecution of separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the Class Action.

5. Solely for purposes of the Stipulation and the Settlement, the Class is hereby preliminarily certified pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure in accordance with the following definition as set forth in the Stipulation: "Class" means all persons who purchased or otherwise acquired publicly traded LG Display securities,

including but not limited to LG Display common shares or ADSs, during the period from July 16, 2004 through December 11, 2006, inclusive, excluding LG Display, the Individual Defendants, any member of the families of the Individual Defendants and any entity in which any Individual Defendant has or had a controlling interest, officers and directors of LG Display during the Class Period, members of their immediate families, and their respective heirs, successors or assigns. Also excluded are those Persons who timely request exclusion from the Class in accordance with the requirements set forth in the Notice.

6. Solely for purposes of the Stipulation and the Settlement, the Lead Plaintiffs are hereby certified as the class representatives pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7. Lead Counsel are authorized to act on behalf of the Class with respect to all acts required by, or which may be undertaken pursuant to, the Stipulation or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

**Preliminary Approval of Settlement**

8. The Court preliminarily approves the Settlement, as reflected in the Stipulation, and the proposed Plan of Allocation, as set forth in the Notice, as being fair, reasonable and adequate, pending the Fairness Hearing and subject to the right of any Class Member to challenge the fairness, reasonableness and adequacy of the Settlement or the proposed Plan of Allocation, and to show cause, if any exists, why a final judgment dismissing the Class Action based on the Stipulation should not be ordered herein after due and adequate notice to the Class has been given in conformity with this Order.

**Notice**

9.      The Court approves, as to form and content, the Notice, annexed hereto as Exhibit 1 (also annexed to the Stipulation as Exhibit B).

10.     The Court approves, as to form and content, the Summary Notice, annexed hereto as Exhibit 2 (also annexed to the Stipulation as Exhibit C), and the Proof of Claim and Release form, annexed hereto as Exhibit 3 (also annexed to the Stipulation as Exhibit D).

11.     The Court finds that the procedures established for publication, mailing and distribution of such Notice and Summary Notice substantially in the manner and form set forth in paragraph 12 of this Preliminary Approval Order meet the requirements of Rule 23 and due process, and constitute the best notice practicable under the circumstances.

12.     Lead Plaintiffs shall cause notice of the proposed Settlement, the Fairness Hearing, the proposed Plan of Allocation, and Lead Counsel's application for an award of attorneys' fees and expenses, to be provided to members of the Class as follows:

        a.      Commencing on or before twenty (20) calendar days after entry of this Order, a copy of the Notice, substantially in the form annexed hereto as Exhibit 1, together with a copy of the Proof of Claim and Release form, substantially in the form annexed hereto as Exhibit 3, shall be mailed by first class mail, postage prepaid, to the last known address of each identifiable member of the Class as appearing in the transfer records maintained by or on behalf of LG Display and produced to Lead Counsel in accordance with the Stipulation.  For those Class Members whose last known address is in Korea, a Korean translation of the Notice and the Proof of Claim and Release form shall be mailed by first class mail, postage prepaid, along with the English versions of such documents.

b. On or before thirty-five (35) calendar days after entry of this Order, a Summary Notice substantially in the form annexed hereto as Exhibit 2 shall be published once in English in the national and international editions of *The Wall Street Journal*, once in English in the *New York Times* and once in Korean in the *Munwha Ilbo*.

c. On or before twenty (20) calendar days after entry of this Order, the Notice and Proof of Claim and Release form, as well as Korean translations of such documents, shall be posted on a web site maintained by the Administrator, as approved by the Court below, at www.gilardi.com.

13. To effectuate the provision of notice, the collection, analysis and determination of Proofs of Claim submitted in accordance with the terms of the Notice and Summary Notice, and other actions required by this Order, the Court hereby approves the selection of Gilardi & Co. LLC to serve as the Administrator. Subject to review by the Court, Lead Counsel may retain the Administrator and may pay the reasonable and customary fees and costs associated with notice to the Class, the review of claims and administration of the Settlement out of the Settlement Fund without further order of the Court. Without further order of the Court, the Administrator shall assist with various tasks, including, without limitation: (i) mailing or arranging for the mailing of the Notice and the Proof of Claim and Release form to members of the Class; (ii) arranging for publication of the Summary Notice; (iii) arranging for and staffing a toll-free telephone number to respond to inquiries from members of the Class; (iv) answering written inquiries from members of the Class and/or forwarding such inquiries to Lead Counsel or their designee; (v) providing additional copies of the Notice and/or the Proof of Claim and Release form upon request to members of the Class; (vi) receiving and maintaining any requests for exclusion submitted by members of the Class; (vii) preparing, receiving and processing Proof of Claim

forms submitted by Class Members; and (viii) otherwise assisting Lead Counsel with administration and implementation of the Settlement.

14. To further effectuate the administration and implementation of the Settlement, the Administrator shall lease and maintain a post office box of adequate size for the return of Proofs of Claim and requests for exclusion. The Notice and Summary Notice shall designate said post office box as the return address for the purposes designated therein. The Administrator shall be responsible for the receipt of all responses from members of the Class and, until further order of the Court, shall preserve all Proofs of Claim, requests for exclusion from the Class, and all other written communications from members of the Class, nominees or any other person in response to the Notice and/or Summary Notice. The costs of notification of the Settlement to members of the Class, including printing, mailing and publication of all required notices, shall be paid out of the Settlement Fund without further Order of the Court.

15. On or before seven (7) days before the Fairness Hearing, Lead Counsel shall file with the Court and serve on Counsel for the Defendants affidavits or declarations of the person or persons under whose general direction the mailing of the Notice and the publications of the Summary Notice shall have been made, showing that such mailing and publications have been made in accordance with this Order.

16. Brokerage firms, banks, institutions, investment funds, investment companies, investment advisers, investment portfolios, mutual fund trusts, mutual investment funds, investment managers and any other Persons who are or claim to be nominees that purchased or otherwise acquired LG Display securities during the Class Period for or on behalf of beneficial owners, which beneficial owners are thereby members of the Class, shall, within ten (10) business days of receiving the Notice, either (1) provide the Administrator with the name and last

known address of each person or organization for whom or for which such brokerage firm, bank, institution, investment fund, investment company, investment adviser, investment portfolio, mutual fund trust, mutual investment fund, investment manager, or other nominee purchased or otherwise acquired such shares during the Class Period, such beneficial owners' title/registration, street address, and city/state/zip, in which event the Administrator shall promptly mail copies of the Notice and the Proof of Claim and Release form to such beneficial owners in accordance with the terms of paragraph 11(a) of this Order, or (2) request from the Administrator additional copies of the Notice package (which will be provided free of charge) and within seven (7) business days upon receipt, mail the Notice package form directly to the beneficial owners of the LG Display securities. If a brokerage firm, bank, institution, investment fund, investment company, investment adviser, investment portfolio, mutual fund trust, mutual investment fund, investment manager, or other nominee chooses to follow alternative procedure (2), such person or entity shall send a statement to the Administrator confirming that the mailing was made as directed.

**Exclusion from the Class**

17.     Any members of the Class who wish to exclude themselves from the Class must do so in accordance with the instructions contained in the Notice and the Summary Notice, including providing all applicable requested information. Any requests for exclusion must be received by the Administrator on or before fourteen (14) calendar days before the Fairness Hearing. Within three (3) business days of receipt by the Administrator of any requests for exclusion, copies of all such requests for exclusion shall be provided to Lead Counsel and Counsel for the Defendants.

18. Unless otherwise ordered by the Court, all Persons who fall within the definition of the Class and who do not timely and validly request to be excluded from the Class in accordance with the instructions set forth in the Notice and the Summary Notice shall be subject to and bound by the Settlement and the provisions of the Stipulation, the releases contained therein, the Judgment with respect to all Released Claims, and all proceedings, orders and judgments in the Class Action, even if such Persons have pending, or subsequently initiate, litigation, arbitration, or any other action against any or all of the Defendants and/or the Defendant Released Parties relating to the Released Claims, and regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or any similar document, any distribution from the Net Settlement Fund.

**Objections And The Right To Be Heard At Fairness Hearing**

19. Any member of the Class who wishes to object to the Settlement, the Plan of Allocation, and/or the application for attorneys' fees and expenses must, no later than fourteen (14) calendar days prior to the Fairness Hearing, submit to the Court and counsel (listed below) a written statement of objection in the manner set forth in the Notice. Any Class Member who timely objects to the Settlement, the Plan of Allocation and/or the application for attorneys' fees and expenses, or who otherwise wishes to be heard regarding the foregoing, may appear in person or by his, her or its attorney, at his, her or its own expense, at the Fairness Hearing and show cause (if he, she or it has any) why the Court should or should not (a) approve the proposed Settlement as set forth in the Stipulation as fair, reasonable and adequate; (b) approve the proposed Plan of Allocation as fair, reasonable and adequate; (c) approve Lead Counsel's application for an award of attorneys' fees and expenses; or (d) enter the Judgment and Order of

Dismissal substantially in the form annexed hereto as Exhibit 4; *provided*, however, that no Person other than the Parties and their counsel shall be heard with respect to, or shall be entitled to contest, the foregoing matters, unless, in accordance with the requirements set forth in the Notice, that Person has submitted written notice of his, her or its objection and/or intention to appear, setting forth briefly each objection and the basis therefor, together with copies of any papers and briefs in support of said objections and proof of membership in the Class (including proof of all purchases and/or acquisitions of LG Display securities made by or on behalf of such member of the Class during the Class Period) upon:

Clerk of the Court
United States District Court
for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse,
500 Pearl Street,
New York, NY 10007-1312

**Clerk of the Court**

Samuel H. Rudman, Esq.
ROBBINS GELLER
RUDMAN & DOWD LLP
58 South Service Road
Suite 200
Melville, NY 11747

Christopher L. Nelson, Esq.
BARROWAY TOPAZ
KESSLER MELTZER &
CHECK, LLP
280 King of Prussia Road
Radnor, PA 19087

**Counsel for Lead Plaintiffs**

Mitchell A. Lowenthal, Esq.
CLEARY GOTTLIEB
STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006

**Counsel for the Defendants**

so that his, her or its objection(s) and/or intention to appear is received on or before fourteen (14) calendar days prior to the Fairness Hearing.

20. Any member of the Class who does not submit an objection in the manner prescribed above shall be deemed to have waived such objection and shall be forever foreclosed from making any objection to the foregoing matters, including the fairness, adequacy or reasonableness of the proposed Settlement, the Judgment and Order of Dismissal to be entered approving the Settlement, the Plan of Allocation, or Lead Counsel's application for an award of attorneys' fees and expenses.

21. The Court may adjourn or continue the Fairness Hearing or any adjournment or continuance thereof without further notice to the Class, other than an announcement at the Fairness Hearing or any adjournment or continuance thereof, and may approve the Stipulation with modification and without further notice to Class Members. The Court further reserves the right to enter the Judgment and Order of Dismissal, *inter alia*, dismissing the Class Action with

prejudice and any order on the Plan of Allocation or attorneys' fees and expenses, at or after the Fairness Hearing and without further notice to the Class.

**Claims Process**

22.     In order to participate in the distribution of the Net Settlement Fund, a Class Member must timely submit a separate Proof of Claim, signed and subject to penalties of perjury, substantially in the form annexed as Exhibit 3 hereto and supported by proof of all transactions in LG Display publicly traded securities during the Class Period.  To be valid and accepted, a Proof of Claim must be postmarked on or before 120 days after the entry of this Order, and must be sent to:

> *In re LG.Philips LCD Co., Ltd. Securities Litigation*
> c/o Gilardi & Co. LLC
> P.O. Box 990
> Core Madera, CA  94976-0990

23.     Any Class Member who does not timely submit a valid Proof of Claim shall not be entitled to share in the Net Settlement Fund, except as specifically ordered by the Court, but nonetheless shall be barred and enjoined from asserting any of the Released Claims against any of the Defendant Released Parties.

24.     Once the Administrator has considered a timely submitted Proof of Claim, Lead Counsel, through the Administrator, shall determine, based upon the Plan of Allocation as approved by the Court, whether such claim is valid, deficient, or rejected.  For each claim determined to be either deficient or rejected, the Administrator shall send a deficiency letter or a rejection letter, as appropriate, describing the bases on which the claim was so determined.  Each Class Member who receives a deficiency letter or rejection letter shall have 30 days from the date of such letter to supply to the Administrator documentation and/or an explanation sufficient

to remedy the deficiency or rejection. Any Class Member who receives a deficiency letter or a rejection letter and who fails to submit documentation sufficient to remedy the deficiency or reason for rejection within the time prescribed herein shall have such claim deemed finally rejected.

25.     If a Class Member timely responds to a deficiency letter or rejection letter by providing an explanation and/or documentation in response to such a deficiency letter or rejection letter, Lead Counsel, through the Administrator, shall determine whether such explanation and/or documentation is sufficient to remedy the deficiency or reason for rejection. If Lead Counsel, through the Administrator, determines that the explanation and/or documentation submitted in response to the deficiency letter or the rejection letter is sufficient, such claim shall be deemed a valid claim. If, on the other hand, Lead Counsel, through the Administrator, determines that the explanation and/or documentation is not sufficient to remedy the deficiency or reason for rejection, such claim shall be deemed finally rejected.

26.     There shall be no distribution from the Net Settlement Fund to any Class Member until a Plan of Allocation and an award of attorneys' fees and expenses are finally approved and affirmed on appeal or certiorari or are no longer subject to review by appeal or certiorari and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

27.     Neither the Defendants nor Counsel for the Defendants shall have any responsibility for any Plan of Allocation or any application by Lead Counsel for attorneys' fees and expenses, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

28.     The Plan of Allocation proposed by Lead Plaintiffs is not a part of the Stipulation and will be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement.  The Plan of Allocation is not a necessary term of the Stipulation and it is not a condition of the Stipulation that any particular Plan of Allocation be approved.  Any decision by the Court concerning the Plan of Allocation shall not affect the validity, enforceability or finality of the Stipulation and Settlement, and any modification of the Plan of Allocation by the Court shall not provide any of the Parties with the right to terminate the Settlement or impose an obligation on the Defendants to increase the consideration paid in connection with the Settlement.  Any order or proceedings relating to a request for approval of the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement or affect or delay the effectiveness or finality of the Judgment and the release of the Released Claims.

29.     Neither the Defendants nor the Defendant Released Parties nor their counsel shall have any responsibility for, interest in or liability whatsoever to any Person, including, without limitation, to any Class Members, the Class, the Lead Plaintiffs or Lead Counsel with respect to the Settlement Amount (except to the extent that the Defendants shall retain their interest in the Settlement Amount, less any amounts paid or payable for costs and expenses of notice, administration and/or taxes, in the event the Effective Date does not occur as provided in the Stipulation), any investment or distribution of the Settlement Fund, the proposed or actual Plan of Allocation, the determination, administration or calculation of claims, final awards and supervision and distribution of the Settlement Fund as set forth in the Stipulation or any application for attorneys' fees and reimbursement of expenses, the payment or withholding of taxes or any losses incurred in connection with any such matters, and any Person, including,

14

without limitation, the Class Members, the Class, the Lead Plaintiffs and Lead Counsel, shall have no claims against the Defendant Released Parties or their counsel in connection therewith. The Defendant Released Parties shall have no responsibility for and no liability whatsoever with respect to the Settlement.  In no event will the Defendants be responsible for payment of any amount except the Settlement Amount that it agreed to pay in the Stipulation.

**Additional Provisions**

30.     All Class Members shall be bound by all determinations and judgments in the Class Action concerning the Stipulation and the Settlement, including, but not limited to, the terms of the Judgment to be entered and the releases provided for therein, whether favorable or unfavorable to the Class.

31.     Any Class Members may enter an appearance in the Class Action, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

32.     The Administrator, or other agent of Lead Counsel, is authorized and directed to prepare any tax returns required to be filed on behalf of the Settlement Fund and to cause any taxes due and owing to be paid from the Settlement Fund.

33.     The contents of the Settlement Fund shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as the content of those funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

34.     Pending the Effective Date or cancellation, failure or termination of the Settlement, pursuant to paragraphs 21 and 22 of the Stipulation, no member of the Class shall commence, prosecute, pursue or litigate any Released Claim against the Defendant Released

Parties, whether directly, representatively or in any other capacity, and regardless of whether or not any such member of the Class has appeared in the Class Action

35. If the Settlement is terminated or cancelled or fails to become effective for any reason, in accordance with the terms of the Stipulation, this Preliminary Approval Order shall be rendered null and void and shall be vacated *nunc pro tunc*, and the provisions of paragraphs 21 and 22 of the Stipulation shall apply.

36. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Preliminary Approval Order or the Stipulation.

37. The Court shall retain continuing jurisdiction over the Settlement, as well as the administration thereof and all proceedings arising out of or related to the Stipulation and/or the Settlement.

SO ORDERED:

Dated: **Dec. 17** __, 2010
New York, New York

Richard J. Sullivan
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X
                                       :

IN RE LG.PHILIPS LCD CO., LTD.     :   Civil Action
SECURITIES LITIGATION          :   No. 07-CV-909
_____ :
                                         :

This Document Relates to:          :

ALL ACTIONS                   :

                                       :

                                       :

                                       :
-------------------------------------------------------------------------X

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**


**EXHIBIT 1**

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

***IF YOU PURCHASED OR OTHERWISE ACQUIRED PUBLICLY TRADED LG DISPLAY CO., LTD. (FORMERLY KNOWN AS LG.PHILIPS LCD CO., LTD.) SECURITIES, INCLUDING BUT NOT LIMITED TO LG DISPLAY COMMON SHARES OR AMERICAN DEPOSITORY SHARES ("ADSs"), DURING THE PERIOD FROM JULY 16, 2004 THROUGH DECEMBER 11, 2006, INCLUSIVE (THE "CLASS"), YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.***

*<u>A federal court authorized this Notice. This is not a solicitation from a lawyer.</u>*

**Securities Involved:** Publicly traded LG Display Co., Ltd. (f/k/a LG.Philips LCD Co., Ltd.) ("LG Display" or the "Company") securities, including but not limited to LG Display common shares or ADSs, purchased or otherwise acquired during the period from July 16, 2004 through December 11, 2006, inclusive (the "Class Period").

**Settlement Amount:** $18,000,000 in cash plus interest (the "Settlement Fund"). Your recovery from the Settlement Fund will depend on the type and amount of LG Display securities you purchased and/or acquired during the period from July 16, 2004 through December 11, 2006, inclusive, and the timing of your sales, if any, of such LG Display securities. Depending on the number of claims filed and when Class Members purchased, acquired and sold their LG Display securities, the estimated average recovery per damaged ADS will be approximately $0.42 and the estimated average recovery per damaged common share will be approximately $4.36. **Please Note: This average is only an estimate, and is before deduction of court-approved fees and expenses and payments that would be made to damaged purchasers of LG Philips notes during the Class Period.**[1]

**The Lawsuit:** The Settlement resolves class action litigation over allegations as to whether LG Dispay, Bon Joon Koo, Ron H. Wirahadiraksa, Ki Seon Park, Rudy Provoost, Hee Gook Lee, Bong Sung Oum, Bart Van Halder, Ingoo Han, Doug J. Dunn and Dong Woo Chun (collectively, the "Defendants") misrepresented and omitted material facts to the investing public, concerning LG Display's alleged involvement in an antitrust conspiracy, including alleged statements and omissions relating to: (i) LCD panel prices; (ii) demand for LCD products; (iii) LG Display's role in fixing prices of LCD panels; (iv) the competitiveness of the market for LCD products; and (v) the Company's financial results, and whether these alleged misrepresentations and omissions inflated the price of publicly traded LG Display securities causing financial injury to members of the Class. *See* Question 2 below for more information.

**Attorneys' Fees and Expenses:** Lead Counsel have litigated the Class Action on a contingent basis and have conducted this litigation and advanced the expenses of litigation with the expectation that if they were successful in recovering money for the Class, they would receive fees and be reimbursed for their expenses from the Settlement Fund, as is customary in this type of litigation. Court-appointed Lead Counsel will apply to the court for attorneys' fees

---

[1] The combined recovery for the common shares purchased on the Korean Exchange and L.G. Display Notes/Bonds shall not exceed 1% of the net settlement fund. *See* Plan of Allocation below.

not to exceed 30% of the Settlement Amount plus expenses not to exceed $150,000, plus interest earned on both amounts at the same rate earned on the Settlement Fund, all to be paid from the Settlement Fund. If the above amounts are requested and approved by the Court, the average cost per damaged ADS will be $0.13 and the average cost per damaged common share will be $1.34. Please note that this amount is only an estimate.

**Deadlines:**

| Submit Claim: | April 16, 2011 |
|---|---|
| Request Exclusion: | March 3, 2011 |
| File Objection: | March 3, 2011 |
| Court Hearing on Fairness of Settlement: | March 17, 2011 |

**More Information**:

| Claims Administrator: | Lead Counsel: |
|---|---|
| Gilardi & Co. LLC<br>Claims Administrator<br>P.O. Box 990<br>Corte Madera, CA  94976-0990<br>(800) 447-7657<br>www.gilardi.com | Samuel H. Rudman, Esq.<br>David A. Rosenfeld, Esq.<br>**Robbins Geller Rudman<br> & Dowd LLP**<br>58 South Service Road, Suite 200<br>Melville, NY  11747<br>Telephone:  (631) 367-7100<br><br>Gregory M. Castaldo, Esq.<br>Christopher L. Nelson, Esq.<br>Jennifer L. Enck, Esq.<br>**Barroway Topaz Kessler<br> Meltzer & Check, LLP**<br>280 King of Prussia Road<br>Radnor, PA  19087<br>Telephone: (610) 667-7706 |

- Your legal rights are affected whether you act or do not act. Please read this Notice carefully.

**Statement of Recovery**

Lead Plaintiffs estimate that approximately 42.9 million LG Display ADSs and 4.13 million LG Display common shares were purchased and/or acquired during the period from July 16, 2004 through December 11, 2006, inclusive, and potentially damaged. Lead Plaintiffs estimate that if valid claim forms for all damaged ADSs and common shares are submitted, the average payment recovery per damaged ADS will be $0.42 and the average payment recovery per damaged common share will be $4.36 before deducting attorneys' fees, costs, and expenses,

as approved by the Court, and the payments that would be made to damaged purchasers of LG Philips notes. A Class Member's actual recovery will depend on: (1) the number of claims filed; (2) the type of publicly traded LG Display security the Class Members purchased; (3) when Class Members purchased and/or acquired their LG Display securities; (4) whether Class Members sold their LG Display securities and, if so, when; (5) administrative costs, including the costs of notice, for the Class Action; and (6) the amount awarded by the Court for attorneys' fees and expenses. Distributions to Class Members will be made based on the Plan of Allocation set forth in this Notice or other plan of allocation as may be ordered by the Court. *See* Plan of Allocation set forth in Question 9 below.

### The Circumstances of the Settlement

The principal reason for Lead Plaintiffs' consent to the Settlement is to provide an immediate benefit to the Class. While Lead Counsel believe that Lead Plaintiffs' claims would survive Defendants' motion to dismiss which was pending at the time the Settlement was reached, they also recognize that continued litigation and trial come with risks. The benefit of the present Settlement must be compared to the risk that no recovery might be achieved after contested motions, a contested trial and likely appeals, possibly years into the future. The claims advanced by the Class in this Class Action involve numerous complex legal and factual issues, which would require voluminous discovery and extensive expert discovery and testimony, adding considerably to the expenses and duration of the litigation. If the Class Action were to proceed, Lead Plaintiffs would have to overcome significant defenses. Among other things, the Parties disagree about (i) whether Lead Plaintiffs or the Class have suffered damages, (ii) whether the price of LG Display securities were artificially inflated by reasons of the alleged misrepresentations, omissions, or otherwise, and (iii) whether Lead Plaintiffs or the Class were harmed by the conduct alleged in the Second Consolidated Amended Complaint for Violations of the Federal Securities Laws. Even after an extensive investigation, questions remain regarding the extent of Defendants' liability and the extent to which a jury might find them liable, if at all. This Settlement therefore enables the Class to recover without incurring any additional risk or costs. As a result, Lead Plaintiffs believe this Settlement is a fair, reasonable, and adequate recovery for the Class.

The Defendants deny that they have committed any act or omission giving rise to any liability and/or violation of the federal securities laws, deny that the Class suffered any legally cognizable damages, and are entering into the Settlement embodied in the Stipulation and Agreement of Settlement dated October 15, 2010 (the "Stipulation") solely to eliminate the uncertainties, burden and expense of further protracted litigation.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| **SUBMIT A CLAIM FORM** | The only way to receive a payment from the Settlement Fund. **The deadline for submitting a claim form is April 16, 2011.** |
| --- | --- |

| EXCLUDE YOURSELF | Receive no payment from the Settlement Fund. This is the only option that allows you to participate in another lawsuit against the Defendants or the Released Parties concerning the Released Claims as defined in the Stipulation. **The deadline for submitting a request to exclude yourself from the Class is March 3, 2011.** |
|---|---|
| OBJECT | You may write to the Court if you do not like the Settlement, the Plan of Allocation, or Lead Counsel's request for attorneys' fees and expenses. **The deadline for filing an objection is March 3, 2011.** |
| GO TO A HEARING ON March 17, 2011 | You may ask to speak in Court about the fairness of the Settlement. If the Court approves the Settlement, you will be bound by the Court's judgments (as they apply to your claims) whether or not you submit a Proof of Claim and Release Form or receive any money from the Settlement. |
| DO NOTHING | Receive no payment from the Settlement Fund and give up your right to file your own or participate in any other lawsuit against the Defendants or the Released Parties concerning the claims in this lawsuit. |

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice. Please note the date of the Fairness Hearing – currently scheduled for March 17, 2011 – is subject to change without further notice. If you plan to attend the hearing, you should check with Lead Counsel as set forth above, or with the Court, to be sure that no change to the date and time of the hearing has been made.

- The Court in charge of this Class Action still has to decide whether to approve the Settlement. Payments will be made to Class Members if the Court approves the Settlement and that approval is upheld after any appeals are filed. Please be patient.

**BASIC INFORMATION**                                                  **PAGE**

1. Why did I receive this Notice package?

2. What is this lawsuit about?

3. Why is this Action a class action?

4. Why is there a settlement?

5. How do I know if I am part of the Settlement?

6. What are the exceptions to being included?

7. I am still not sure if I am included

8. What does the Settlement provide?

9. How much will my payment be?

10. How will I receive a payment?

11. When will I receive my payment?

12. What am I giving up by staying in the Class?

13. How do I exclude myself from the Class?

14. If I do not exclude myself, can I sue the Defendants for the same thing later?

15. If I exclude myself, can I receive a payment from this Settlement?

16. Do I have a lawyer in this case?

17. How will the lawyers be paid?

18. How do I tell the Court that I do not like the Settlement?

19. What is the difference between objecting and excluding?

20. When and where will the Court decide whether to approve the Settlement?

21. Do I have to come to the Fairness Hearing?

22. May I speak at the Fairness Hearing?

23. What happens if I do nothing at all?

24. Are there more details about the Settlement?

25. Special Notice to Securities Brokers and other Nominees

## 1. Why Did I Receive This Notice Package?

You or someone in your family may have purchased or otherwise acquired publicly traded LG Display securities, during the period from July 16, 2004 through December 11, 2006, inclusive.

If this description applies to you or someone in your family, you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlement allows.

This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to receive them.

## 2. What Is This Lawsuit About?

On or after February 7, 2007, two putative securities class actions were filed in the United States District Court for the Southern District of New York against LG.Philips LCD Co., Ltd. (n/k/a LG Display Co. Ltd) ("LG Display" or the "Company") and certain of the Company's current and former officers and directors. By Order dated May 11, 2007, the Court consolidated the actions under the caption *In re LG.Philips LCD Co., Ltd. Securities Litigation*, Civil Action No. 07-CV-909. By the same Order, the Court appointed Betty O. Abrams and Justin Coren as

Lead Plaintiffs and approved the appointment of the law firms of Lerach Coughlin Stoia Geller Rudman & Robbins LLP (now known as Robbins Geller Rudman and Dowd LLP) and Schiffrin Barroway Topaz & Kessler, LLP (now known as Barroway Topaz Kessler Meltzer & Check, LLP), as Lead Counsel for plaintiffs in the Class Action.[2]

Lead Plaintiffs filed their Consolidated Amended Complaint for Violations of the Federal Securities Laws (the "CAC") against the Defendants on August 7, 2008. The CAC charged the Defendants with violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder by the United States Securities and Exchange Commission. Thereafter, on March 20, 2009, Lead Plaintiffs filed their Second Consolidated Amended Complaint for Violations of the Federal Securities Laws (the "SAC"), which named the same Defendants and charged the same violations of federal law as did the CAC. Specifically, the SAC alleged, among other things, that Defendants misrepresented and omitted material facts concerning LG Display's alleged involvement in an antitrust conspiracy, including alleged statements and omissions relating to: (i) LCD panel prices; (ii) demand for LCD products; (iii) LG Display's role in fixing prices of LCD panels; (iv) the competitiveness of the market for LCD products; and (v) the Company's financial results. The SAC further alleged that, as a result of the foregoing misrepresentations and omissions, the price of publicly traded LG Display securities was artificially inflated during the Class Period.

On May 8, 2009, the Defendants filed a motion to dismiss the SAC on numerous grounds. Defendants' motion to dismiss was fully briefed by the Parties. While Defendants' motion to dismiss was pending, the Parties agreed to discuss a possible settlement of the Class Action. On May 18, 2010, the Parties conducted extensive negotiations under the supervision of an experienced mediator who had been a United States District Judge, ultimately reaching a tentative agreement to settle the Class Action for $18 million.

### 3.    Why Is This Action a Class Action?

In a class action, one or more individuals and/or entities called class representatives (in this case the court-appointed Lead Plaintiffs, Betty O. Abrams and Justin Coren) prosecute their claims on behalf of individuals and entities who have similar claims. All of these individuals and entities who have similar claims are referred to collectively as a class, or individually as class members. One court resolves the issues for all class members, except for those who exclude themselves from the class. The United States District Court for the Southern District of New York, the Honorable Richard J. Sullivan, is in charge of the Class Action.

### 4.    Why Is There a Settlement?

In order to avoid the cost and risks of further litigation and trial, both sides agreed to a settlement. As explained above, Lead Plaintiffs and Lead Counsel believe the Settlement is best for all Class Members.

---

[2]  On September 4, 2007, the Class Action was assigned to the Honorable Richard J. Sullivan.

## WHO IS IN THE SETTLEMENT

To see if you will potentially receive money from this Settlement, you first have to determine if you are a Class Member.

**5.      How Do I Know if I Am Part of the Settlement?**

The Class includes all persons and entities who purchased or otherwise acquired publicly traded LG Display securities, including but not limited to LG Display common shares or ADSs, during the period from July 16, 2004 through December 11, 2006, inclusive, ***except those persons and entities that are excluded, as described below.***

**6.      What Are the Exceptions to Being Included?**

Excluded from the Class are LG Display, the Individual Defendants, any member of the families of the Individual Defendants and any entity in which any Individual Defendant has or had a controlling interest, officers and directors of LG Display during the Class Period, members of their immediate families, and their respective heirs, successors or assigns.  Also excluded from the Class are all persons and entities who exclude themselves from the Settlement by timely requesting exclusion in accordance with the requirements set forth herein.

If you sold publicly traded LG Display securities during the period from July 16, 2004 through December 11, 2006, inclusive, that sale does not make you a member of the Class.  You may be a member of the Class only if you purchased or otherwise acquired publicly traded LG Display securities during the Class Period.

If one of your mutual funds purchased or owns shares of publicly traded LG Display securities, that purchase by one of your mutual funds does not make you a member of the Class.

**7.      I Am Still Not Sure if I Am Included.**

If you are still not sure whether you are included, you can ask for free help.  You can call the Claims Administrator, Gilardi & Co. LLC, at 1-800-447-7657, or visit www.gilardi.com for more information.  Or you can fill out and return the claim form described in Questions 9 and 10 below to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU RECEIVE

**8.      What Does the Settlement Provide?**

Defendants have agreed to create an $18,000,000 cash Settlement Fund.  The balance of this fund, after payment of Court-approved attorneys' fees and expenses, and the costs of claims administration (the "Net Settlement Fund"), will be divided among Class Members who submit timely and valid claim forms ("Authorized Claimants") pursuant to a Court-approved Plan of Allocation.

9.	**How Much Will My Payment Be?**

Each person or entity claiming to be an Authorized Claimant shall be required to submit a separate Proof of Claim and Release form ("Proof of Claim") signed under penalty of perjury and supported by such documents as specified in the Proof of Claim as are reasonably available to the Authorized Claimant. If you are entitled to a payment, your share of the Net Settlement Fund will depend on the number of valid Proofs of Claim that Class Members submit, the type and amount of publicly traded LG Display securities you purchased and/or acquired during the period from July 16, 2004 through December 11, 2006, inclusive, and when you sold your publicly traded LG Display securities. By following the Plan of Allocation described herein, you can calculate your "Recognized Claim." The Claims Administrator will distribute the Net Settlement Fund according to the Plan of Allocation after the deadline for submission of Proofs of Claim has passed.

All Proofs of Claim must be postmarked or received by **April 16, 2011**, addressed as follows:

> **In re LG.Philips LCD Co., Ltd. Securities Litigation**
> **c/o Gilardi & Co. LLC**
> **Claims Administrator**
> **P.O. Box 990**
> **Corte Madera, CA  94976-0990**
> **(800) 447-7657**

Unless otherwise ordered by the Court, any Class Member who fails to submit a properly completed and signed Proof of Claim within such period, or such other period as may be ordered by the Court, shall be forever barred from receiving any payments pursuant to the Stipulation, but will in all other respects be bound by all of the terms of the Settlement, including the terms of the final judgment to be entered in the Class Action and will be barred from bringing any Released Claim against any Released Parties, including Unknown Claims (as those terms are defined in the Proof of Claim enclosed with this Notice and in the Stipulation dated October 15, 2010, which is available at www.gilardi.com, or through the mail upon request).

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds. Each claimant is deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that claimant's status as a Class Member and the validity and amount of that claimant's claim. No discovery shall be allowed on the merits of the Class Action.

**PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS**

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim. **Please Note**:  **The Recognized Claim formula, set forth below, is not intended to be an estimate of**

the amount of what a Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Claim. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Claim bears to the total Recognized Claims of all Authorized Claimants (*i.e.*, "*pro rata* share"). Payment in this manner shall be deemed conclusive against all Authorized Claimants. No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

Following the initial distribution of the Net Settlement Fund, if any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution, to Class Members who have cashed their checks and who would receive at least $10.00 from such re-distribution, if such re-distribution is determined to be economically feasible. If after six months after such re-distribution, if taken, any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Lead Counsel.

### THE BASIS FOR CALCULATING YOUR RECOGNIZED CLAIM:

As stated above, each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on its Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants. Recognized Claims are only for those publicly traded LG Display securities that were purchased or acquired during the period from July 16, 2004 through December 11, 2006, inclusive. Recognized Claims for these securities will be computed as follows:

### RECOGNIZED CLAIM CALCULATIONS

**A.    Claims for LG Display ADSs (CUSIP:  50186VIO2):**

The allocation below is based on an inflation per share amount of $1.17 as well as the statutory PSLRA 90 day look back amount of $15.45:

For LG Display ADSs purchased, or acquired, on or between July 16, 2004 through December 11, 2006, the claim per share shall be as follows:

      a)  If sold prior to December 12, 2006, the claim per share is zero.

      b)  If retained at the end of December 11, 2006, the claim per share shall

be the lesser of (i) $1.17; or (ii) the difference between the purchase price and $15.45.

**B.** **Claims for Purchasers of LG Display Common Shares on the Korean Exchange (ISIN: KR7034220004):**

The allocation below is based on an inflation per share amount of $1.91 as well as the statutory PSLRA 90 day look back amount of $25.15:

For LG Display common shares purchased, or acquired, on or between July 16, 2004 through December 11, 2006, the claim per share shall be as follows:

a) If sold prior to December 12, 2006, the claim per share is zero.

b) If retained at the end of December 11, 2006, the claim per share shall be the lesser of (i) $1.91 or (ii) the difference between the purchase price and $25.15.

**C.** **Claims for Purchasers of Notes/Bonds**

The allocation below is based on each note's one-day price decline following the disclosures made on December 11, 2006.

For LG Display 5% notes due 5/13/09 (ISIN: KR6034221Q56) purchased, or acquired, on or between July 16, 2004 through December 11, 2006, the claim per note shall be $0.03.

For LG Display 3.5% notes due 11/23/09 (ISIN: KR6034221QB6) purchased, or acquired, on or between July 16, 2004 through December 11, 2006, the claim per note shall be $0.21.

For LG Display 4.5% notes due 3/21/10 (ISIN: KR6034221R30) purchased, or acquired, on or between July 16, 2004 through December 11, 2006, the claim per note shall be $0.11.

For LG Display zero coupon notes due 4/19/10 (ISIN: XS0217586048) purchased, or acquired, on or between July 16, 2004 through December 11, 2006, the claim per note shall be $1.15.

**PLEASE NOTE: The combined recovery for the LG Display common shares purchased on the Korean Exchange and the LG Display Notes/Bonds shall not exceed 1% of the net settlement fund.**

The date of purchase, acquisition, or sale is the "contract" or "trade" date and not the "settlement" date. All profits will be subtracted from all losses to determine the net Recognized Claim of each Class Member. For Class Members who held LG Display ADSs, common shares or notes at the beginning of the Class Period or made multiple purchases, acquisitions or sales

during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases, acquisitions and sales for purposes of calculating a Recognized Claim. Under the FIFO method, sales during the Class Period will be matched, in chronological order, first against your holdings at the beginning of the Class Period and thereafter, in chronological order, against subsequent purchases and acquisitions during the Class Period.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Defendants, Defendants' Counsel, Lead Plaintiffs, Plaintiffs' Counsel or the Claims Administrator or other agent designated by Plaintiffs' Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Proof of Claim. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the settling parties, or another plan of allocation, without further notice to Class Members.

## HOW YOU RECEIVE A PAYMENT – SUBMITTING A CLAIM FORM

### 10. How Will I Receive a Payment?

To qualify for payment, you must be an eligible Class Member and you must submit a Proof of Claim. A Proof of Claim is enclosed with this Notice. Read the instructions carefully, fill out the form, include all the documents the form requests, sign it, and mail it in an envelope addressed to the Claims Administrator, postmarked no later than **April 16, 2011**. Please retain a copy of everything you mail, in case the materials are lost or destroyed during shipping.

### 11. When Will I Receive My Payment?

The Court will hold a hearing on March 17, 2011 (the "Fairness Hearing"), to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals. It is always uncertain in what manner appeals, if any, will be resolved, and resolving them can take time, perhaps several years. In addition, the Claims Administrator must process all of the Proofs of Claim. The processing of the claims is complicated and will take many months. Please be patient.

### 12. What Am I Giving Up By Staying in the Class?

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants or the Released Parties about the Released Claims.  It also means that all of the Court's orders will apply to you and legally bind you, and you will release your claims in this Class Action against the Defendants.  The terms of the release are included in the Proof of Claim that is enclosed.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep the right to sue or continue to sue the Defendants on your own about the same claims being released in this Settlement, then you must take steps to exclude yourself from the Settlement.  This is sometimes referred to as "opting out" of the Class.

### 13. How Do I Exclude Myself from the Class?

To exclude yourself from the Class, you must send a letter by mail stating that you want to be excluded from the Class in the *In re LG.Philips LCD Co., Ltd. Securities Litigation*, Civil Action No. 07-CV-909.  You must include your name, address, telephone number, your signature, and information concerning your purchase(s) and acquisition(s) of publicly traded LG Display securities during the period from July 16, 2004 through December 11, 2006, inclusive and your sale(s) of such LG Display securities, including the type of LG Display security, the number of LG Display ADSs, common shares and/or notes purchased, acquired and/or sold and the dates of each purchase, acquisition and sale.  You must mail your exclusion request so that it is **received** no later than **March 3, 2011** to:

> *In re LG.Philips LCD Co., Ltd. Securities Litigation*
> **c/o Gilardi & Co. LLC**
> **Claims Administrator**
> **P.O. Box 990**
> **Corte Madera, CA  94976-0990**
> **(800) 447-7657**

*Please keep a copy of everything you send by mail, in case it is lost or destroyed during shipping.

You cannot exclude yourself over the phone or by e-mail.  If you ask to be excluded from the Class, you are not eligible to receive any payment from the Net Settlement Fund, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in this lawsuit and you may be able to pursue the claims that are being released in this Settlement.

Defendants shall have the option to terminate the Settlement in the event that members of the Class who would otherwise be entitled to participate in the Class, but who timely and validly request exclusion in accordance with the requirements set forth in this Notice, purchased and/or

otherwise acquired in the aggregate a certain amount of publicly traded LG Display securities during the Class Period.

### 14. If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?

No. Unless you exclude yourself, you give up any right to sue the Defendants or the Released Parties for the claims being released by this Settlement. If you have a pending lawsuit relating to the claims being released in the Class Action against any of the Defendants, speak to your lawyer in that case immediately. Remember, the exclusion deadline is March 3, 2011.

### 15. If I Exclude Myself, Can I Receive a Payment from This Settlement?

No. If you exclude yourself, do not send in a claim form. But, you may sue, continue to sue, or be part of a different lawsuit asserting the claims being released in this Settlement against the Defendants or the Released Parties.

### THE LAWYERS REPRESENTING YOU

### 16. Do I Have a Lawyer in This Case?

The Court appointed the law firms of Robbins Geller Rudman & Dowd LLP (f/k/a Lerach Coughlin Stoia Geller Rudman & Robbins LLP) and Barroway Topaz Kessler Meltzer & Check, LLP (f/k/a Schiffrin Barroway Topaz & Kessler, LLP) to represent you and the other Class Members. These lawyers are called Lead Counsel. You will not be separately charged for these lawyers beyond your *pro rata* share of any attorneys' fees and expenses awarded by the Court that will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 17. How Will the Lawyers Be Paid?

Lead Counsel will apply to the Court for attorneys' fees not to exceed 30% of the Settlement Amount and expenses advanced or incurred in connection with the Class Action up to an amount of $150,000, plus interest on both amounts at the same rate as earned by the Settlement Fund. *Such sums as may be approved by the Court will be paid from the Settlement Fund.* Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis. To date, Lead Counsel have not been paid for their services for conducting this Class Action on behalf of Lead Plaintiffs and the Class or for their substantial out-of-pocket expenses. The fee requested will compensate Lead Counsel for their work in achieving the Settlement Fund and is well within the range of fees awarded to class counsel under similar circumstances in other cases of this type. The Court may, however, award less than this amount.

### OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

### 18. How Do I Tell the Court that I Do Not Like the Settlement?

If you are a Class Member, you can object to the Settlement if you do not like any part of it. To object, you must send a letter saying that you object to the Settlement in the *In re LG.Philips LCD Co., Ltd. Securities Litigation*, Civil Action No. 07-CV-909 and the reasons why you object to the Settlement. Be sure to include your name, address, telephone number and your signature. You must also include information concerning your purchase(s) and acquisition(s) of publicly traded LG Display securities during the period from July 16, 2004 through December 11, 2006, inclusive, including the type of LG Display security, the number of LG Display ADSs, common shares and/or notes purchased, acquired and/or sold and the dates of each purchase, acquisition and sale. Any objection to the Settlement must be **received** by *each of the following* by **March 3, 2011**:

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>Southern District of New York<br>Daniel Patrick Moynihan<br>United States Courthouse<br>500 Pearl Street<br>New York, NY 10007 | Samuel H. Rudman, Esq.<br>David A. Rosenfeld, Esq.<br>**Robbins Geller Rudman & Dowd LLP**<br>58 South Service Road<br>Suite 200<br>Melville, NY 11747<br><br>Gregory M. Castaldo, Esq.<br>Christopher L. Nelson, Esq.<br>Jennifer L. Enck, Esq.<br>**Barroway Topaz Kessler Meltzer & Check, LLP**<br>280 King of Prussia Road<br>Radnor, PA 19087 | Mitchell A. Lowenthal, Esq.<br>Joon H. Kim, Esq.<br>**Cleary Gottlieb Steen & Hamilton LLP**<br>One Liberty Plaza<br>New York, NY 10006 |

### 19. What is the Difference Between Objecting and Excluding?

Objecting is simply telling the Court that you do not like something about the Settlement, the Plan of Allocation, and/or the application for attorneys' fees and expenses. You can object *only if* you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S SETTLEMENT FAIRNESS HEARING

**20.    When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold a fairness hearing at 9:30 a.m., on March 17, 2011, at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St, New York, NY 10007, Courtroom 21C. At this hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have requested in writing by March 3, 2011 to speak at the hearing. The Court may also consider Lead Counsel's application for attorneys' fees and expenses at this time.

**21.    Do I Have to Come to the Fairness Hearing?**

No. Lead Counsel will answer any questions the Court may have. But, you are welcome to attend the hearing at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as your written objection was received on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not required.

**22.    May I Speak at the Fairness Hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter stating your intention to appear in the *In re LG.Philips LCD Co., Ltd. Securities Litigation*, Civil Action No. 07-CV-909. Be sure to include your name, address, telephone number, your signature, and also identify the date(s), price(s) and amount(s) of all purchases and/or acquisitions of publicly traded LG Display securities you made during the period from July 16, 2004 through December 11, 2006, inclusive, and your sale(s) of such publicly traded LG Display securities. Your notice of intention to appear must be received no later than March 3, 2011, and must be sent to the Clerk of the Court, Lead Counsel, and Defendants' Counsel, at the addresses listed in Question 18. You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

**23.    What Happens if I Do Nothing at All?**

If you do nothing, you will receive no money from this Settlement. But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants or the Released Parties about the same claims being released in this Settlement.

## OBTAINING MORE INFORMATION

### 24.   Are There More Details About the Settlement?

This Notice summarizes the proposed Settlement.  More details are contained in the Stipulation.  All terms used in this Notice shall have the same meanings as in the Stipulation. You can obtain a copy of the Stipulation or more information about the Settlement by visiting www.gilardi.com or by writing to Lead Counsel listed above in Question 18.  You can also obtain a copy of the Stipulation from the Clerk's office at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, during regular business hours.

### DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE

### SPECIAL NOTICE TO NOMINEES

If you purchased publicly traded LG Display securities during the period from July 16, 2004 through December 11, 2006, inclusive, as nominee for a beneficial owner, then, the Court has ordered that within ten (10) business days after you receive this Notice, you must either: (1) mail copies of the Notice and Proof of Claim directly to all such beneficial owners; or (2) provide a list of the name and addresses of such beneficial owners to the Claims Administrator, at the following address:

> ***In re LG.Philips LCD Co., Ltd. Securities Litigation***
> **c/o Gilardi & Co. LLC**
> **Claims Administrator**
> **P.O. Box 990**
> **Corte Madera, CA  94976-0990**
> **(800) 447-7657**

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for reasonable administrative costs actually incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

DATED:  December 17, 2010                    BY ORDER OF THE COURT
                                             UNITED STATES DISTRICT COURT
                                             SOUTHERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------------------X
                                                          :
IN RE LG.PHILIPS LCD CO., LTD.                            :    Civil Action
SECURITIES LITIGATION                                     :    No. 07-CV-909
_____          :
                                                          :
This Document Relates to:                                 :
                                                          :
ALL ACTIONS                                               :
                                                          :
                                                          :
                                                          :
-------------------------------------------------------------------------X
```

**SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION**


**EXHIBIT 2**

<u>**SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION**</u>

TO:    ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED PUBLICLY TRADED LG DISPLAY CO., LTD. (FORMERLY KNOWN AS LG. PHILIPS LCD CO., LTD.) ("LG DISPLAY") SECURITIES, INCLUDING BUT NOT LIMITED TO LG DISPLAY COMMON SHARES OR AMERICAN DEPOSITORY SHARES ("ADSs"), DURING THE PERIOD FROM JULY 16, 2004 THROUGH DECEMBER 11, 2006, INCLUSIVE (THE "CLASS").

YOU ARE HEREBY NOTIFIED that the above-captioned action has been certified as a class action and that a settlement for Eighteen Million Dollars ($18,000,000) has been proposed. A hearing will be held before the Honorable Richard J. Sullivan in the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY  10007, Courtroom 21C, at 9:30 a.m., on March 17, 2011 to determine whether: (1) the proposed Settlement should be approved by the Court as fair, reasonable and adequate; (2) the Plan of Allocation should be approved; (3) Lead Counsel's application for an award of attorneys' fees and expenses should be approved; and (4) the claims against Defendants should be dismissed with prejudice.

IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND.  If you have not yet received the full printed Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and Proof of Claim and Release form ("Proof of Claim"), you may obtain copies of these documents by contacting:

> *In re LG.Philips LCD Co., Ltd. Securities Litigation*
> c/o Gilardi & Co. LLC
> Claims Administrator
> P.O. Box 990
> Corte Madera, CA  94976-0990
> (800) 447-7657
> www.gilardi.com

Inquiries, other than requests for the forms of the Notice and Proof of Claim, may be made to Lead Counsel:

Samuel H. Rudman, Esq.
David A. Rosenfeld, Esq.
**Robbins Geller Rudman
& Dowd LLP**
58 South Service Road, Suite 200
Melville, NY  11747

Gregory M. Castaldo, Esq.
Christopher L. Nelson, Esq.
Jennifer L. Enck, Esq.
**Barroway Topaz Kessler
Meltzer & Check, LLP**
280 King of Prussia Road
Radnor, PA  19087

To participate in the Settlement, you must submit a Proof of Claim no later than April 16, 2011.  If you are a member of the Class and do not submit a valid Proof of Claim, you will not share in the settlement but you nevertheless will be bound by the Judgment entered by the Court in this litigation.  As more fully described in the Notice, the deadline for submitting objections and requests for exclusion is March 3, 2011.

Further information may also be obtained by directing your inquiry in writing to the Claims Administrator, Gilardi & Co. LLC, at the address listed above.

**PLEASE DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE**

By Order of the Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------------X
                                    :

IN RE LG.PHILIPS LCD CO., LTD.         :  Civil Action
SECURITIES LITIGATION               :  No. 07-CV-909
_____  :

                                      :
This Document Relates to:             :

ALL ACTIONS                         :

                                      :

                                      :

                                      :
----------------------------------------------------------------------------X

**PROOF OF CLAIM AND RELEASE**

**EXHIBIT 3**

## PROOF OF CLAIM AND RELEASE FORM

## I.      GENERAL INSTRUCTIONS

A.      To recover as a member of the Class based on your claim in the action entitled *In re LG.Philips LCD Co., Ltd. Securities Litigation*, Civil Action No. 07-CV-909 (the "Class Action"), you must complete this Proof of Claim and Release form ("Proof of Claim"). If you fail to submit a Proof of Claim by the deadline, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Class Action ("Settlement"), as set forth in the Stipulation and Agreement of Settlement dated October 15, 2010 ("Stipulation").

B.      Submission of this Proof of Claim, however, does not ensure that you will share in the proceeds of the Settlement Fund created in the Class Action.

C.      YOU MUST COMPLETE AND SUBMIT YOUR PROOF OF CLAIM VIA MAIL POSTMARKED **ON OR BEFORE April 16, 2011**, ADDRESSED TO THE CLAIMS ADMINISTRATOR AS FOLLOWS:

*In re LG.Philips LCD Co., Ltd. Securities Litigation*
**c/o Gilardi & Co. LLC**
**Claims Administrator**
**P.O. Box 990**
**Corte Madera, CA  94976-0990**

If you are NOT a member of the Class, as defined in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), then DO NOT submit a Proof of Claim.

D.      If you are a member of the Class, you are bound by the terms of any judgment entered in the Class Action, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

## II.     INSTRUCTIONS FOR CLAIMANT IDENTIFICATION SCHEDULE

A.      If you purchased or otherwise acquired publicly traded LG Display Co., Ltd. (formerly known as LG.Philips LCD Co., Ltd.) ("LG Display") securities, including but not limited to LG Display common shares or American Depository Shares ("ADSs"), during the period from July 16, 2004 through December 11, 2006, inclusive (the "Class"), and held the securities in your name, you are the beneficial purchaser as well as the record purchaser. If, however, the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

B.      Use "Part I" of this form (below) entitled "Claimant Identification" to identify each owner of record ("nominee"), if different from the beneficial owner of the publicly traded LG Display securities which form the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNER(S), OR THE LEGAL REPRESENTATIVE OF SUCH

OWNER(S) OF THE PUBLICLY TRADED LG DISPLAY SECURITIES UPON WHICH
THIS CLAIM IS BASED.

C.      All joint purchasers must sign this claim.  Executors, administrators, guardians,
conservators, and trustees must complete and sign this claim on behalf of persons or entities
represented by them and their authority must accompany this claim and their titles or capacities
must be stated.  The Social Security (or taxpayer identification) number and telephone number of
the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing
information could delay verification of your claim or result in rejection of your claim.

## III.     INSTRUCTIONS FOR SCHEDULE OF TRANSACTIONS

A.      In the space provided below, supply all required details of your transaction(s) in
publicly traded LG Display securities.  If you need more space, attach separate sheets giving all
of the required information in substantially the same form.  Sign and print or type your name on
each additional sheet.

B.      Please provide all of the requested information with respect to *all* of your
purchases and acquisitions of publicly traded LG Display securities during the period from July
16, 2004 through December 11, 2006, inclusive, and *all* of your sales of publicly traded LG
Display securities during the period from July 16, 2004 through December 11, 2006, inclusive,
regardless of whether such transactions resulted in a profit or a loss.  Failure to report all such
transactions may result in the rejection of your claim.

C.      List each transaction separately and in chronological order by trade date,
beginning with the earliest.  You must accurately provide the month, day, and year of each
transaction you list.

D.      Broker confirmations or other documentation of your transactions in LG Display
securities should be attached to your claim.  Failure to provide this documentation could delay
verification of your claim or result in rejection of your claim.

E.      The requests are designed to provide the minimum amount of information
necessary to process the most simple claims.  The Claims Administrator may request additional
information as required to efficiently and reliably calculate your losses.  In some cases where the
Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the
Class with the information provided, the Claims Administrator may condition acceptance of the
claim upon the production of additional information and/or the hiring of an accounting expert at
the claimant's cost.

F.      NOTICE REGARDING ELECTRONIC FILE:  Certain claimants with large
numbers of transactions may request, or may be requested, to submit information regarding their
transactions in electronic files.  All claimants MUST submit a manually signed paper Proof of
Claim form whether or not they also submit electronic copies.  If you wish to file your claim
electronically, you must contact the Claims Administrator at 1-800-447-7657 or visit their
website at www.gilardi.com to obtain the required file layout.  No electronic files will be

considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

*In re LG.Philips LCD Co., Ltd. Securities Litigation*
**Civil Action No. 07-CV-909**

PROOF OF CLAIM AND RELEASE

**Must be Postmarked No Later Than: April 16, 2011**

**<u>Please Type or Print</u>**

**PART I:        CLAIMANT IDENTIFICATION**

| | |
|---|---|
| Beneficial Owner's Name (First, Middle, Last) | |
| Street Address | |
| City | State          Postal / Zip Code |
| Foreign Province | Foreign Country |
| Social Security Number or Taxpayer Identification Number (if U.S. Citizen / Resident) | |

| | |
|---|---|
| Country / Area Code | _____(work)  Telephone Number |
| Country / Area Code | _____ (home)  Telephone Number |

| | |
|---|---|
| Record Owner's Name (if different from beneficial owner listed above) | |
| Check One: | |
| _____ Individual | _____ Corporation |
| _____ Joint Owners | _____ IRA |
| _____ Estate | _____ Other _____ (specify) |

**PART II:    SCHEDULE OF TRANSACTIONS IN LG DISPLAY AMERICAN DEPOSITORY SHARES ("ADSs")**

    **A.    BEGINNING HOLDINGS**:  Number of LG Display ADSs held at the close of trading on July 15, 2004: _____.  (If none, write 0) (*Must be documented*).

    **B.    PURCHASES AND ACQUISITIONS**:    Number of LG Display ADSs purchased or otherwise acquired during the period July 16, 2004 through December 11, 2006, inclusive (*Must be documented*):

| Purchase(s) / Acquisition(s) of ADSs (List Chronologically) Month/Day/Year | Number of ADSs Purchased and/or Acquired | Purchase / Acquisition Price Per ADS | Aggregate Cost (excluding commissions, taxes and fees) |
|---|---|---|---|
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |

    **C.    SALES**:  Number of LG Display ADSs sold during the period July 16, 2004 through December 11, 2006, inclusive (*Must be documented*):

| Sale(s) of ADSs (List Chronologically) Month/Day/Year | Number of ADSs Sold | Sale Price Per ADS | Amount Received (excluding commissions, taxes and fees) |
|---|---|---|---|
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |

    **D.    UNSOLD HOLDINGS**:  Number of LG Display ADSs owned at the close of trading on December 11, 2006: _____. (If none, write 0) (*Must be documented*).

**PART III: SCHEDULE OF TRANSACTIONS IN LG DISPLAY COMMON SHARES**

    **A.**    **BEGINNING HOLDINGS**:  Number of LG Display common shares held at the close of trading on July 15, 2004: _____.  (If none, write 0) (*Must be documented*).

    **B.**    **PURCHASES AND ACQUISITIONS**:  Number of LG Display common shares purchased or otherwise acquired during the period July 16, 2004 through December 11, 2006, inclusive (*Must be documented*):

| Purchase(s) / Acquisition(s) of Common Shares (List Chronologically) Month/Day/Year | Number of Common Shares Purchased and/or Acquired | Purchase / Acquisition Price Per Common Share | Aggregate Cost (excluding commissions, taxes and fees) |
|---|---|---|---|
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |

    **C.**    **SALES**:  Number of LG Display common shares sold during the period July 16, 2004 through December 11, 2006, inclusive (*Must be documented*):

| Sale(s) of Common Shares (List Chronologically) Month/Day/Year | Number of Common Shares Sold | Sale Price Per Common Share | Amount Received (excluding commissions, taxes and fees) |
|---|---|---|---|
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |

D.  **UNSOLD HOLDINGS**:  Number of LG Display common shares owned at the close of trading on December 11, 2006:  _____.  (If none, write 0) *(Must be documented)*.

**PART IV:  SCHEDULE OF TRANSACTIONS IN LG DISPLAY NOTES/BONDS**

A.  **LG Display 5% Notes due May 13, 2009**

1.  **BEGINNING HOLDINGS**:  Face amount of LG Display 5% Notes held at the close of trading on July 15, 2004:  _____.  (If none, write 0) *(Must be documented)*.

2.  **PURCHASES AND ACQUISITIONS**:  Number of LG Display 5% Notes purchased or otherwise acquired during the period July 16, 2004 through December 11, 2006, inclusive (*Must be documented*):

| Purchase(s) / Acquisition(s) of 5% Notes (List Chronologically) Month/Day/Year | Number of 5% Notes Purchased and/or Acquired | Purchase / Acquisition Price Per Note | Aggregate Cost (excluding commissions, taxes and fees) |
|---|---|---|---|
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |

3.  **SALES**:  Number of LG Display 5% Notes sold during the period July 16, 2004 through December 11, 2006, inclusive (*Must be documented*):

| Sale(s) of 5% Notes (List Chronologically) Month/Day/Year | Number of 5% Notes Sold | Sale Price Per Note | Amount Received (excluding commissions, taxes and fees) |
|---|---|---|---|
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |

4.  **UNSOLD HOLDINGS**:  Face amount of LG Display 5% Notes owned at the close of trading on December 11, 2006:  _____.  (If none, write 0) *(Must be documented)*.

**B.** **LG Display 3.5% Notes due November 23, 2009**

**1.** **BEGINNING HOLDINGS**: Face amount of LG Display 3.5% Notes held at the close of trading on July 15, 2004: _____. (If none, write 0) (*Must be documented*).

**2.** **PURCHASES AND ACQUISITIONS**: Number of LG Display 3.5% Notes purchased or otherwise acquired during the period July 16, 2004 through December 11, 2006, inclusive (*Must be documented*):

| Purchase(s) / Acquisition(s) of 3.5% Notes (List Chronologically) Month/Day/Year | Number of 3.5% Notes Purchased and/or Acquired | Purchase / Acquisition Price Per Note | Aggregate Cost (excluding commissions, taxes and fees) |
|---|---|---|---|
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |

**3.** **SALES**: Number of LG Display 3.5% Notes sold during the period July 16, 2004 through December 11, 2006, inclusive (*Must be documented*):

| Sale(s) of 3.5% Notes (List Chronologically) Month/Day/Year | Number of 3.5% Notes Sold | Sale Price Per Note | Amount Received (excluding commissions, taxes and fees) |
|---|---|---|---|
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |

**4.** **UNSOLD HOLDINGS**: Face amount of LG Display 3.5% Notes owned at the close of trading on December 11, 2006: _____. (If none, write 0) (*Must be documented*).

**C.** **LG Display 4.5% Notes due March 21, 2010**

**1.** **BEGINNING HOLDINGS**: Face amount of LG Display 4.5% Notes held at the close of trading on July 15, 2004: _____. (If none, write 0) (*Must be documented*).

**2.** **PURCHASES AND ACQUISITIONS**:  Number of LG Display 4.5% Notes purchased or otherwise acquired during the period July 16, 2004 through December 11, 2006, inclusive (*Must be documented*):

| Purchase(s) / Acquisition(s) of 4.5% Notes (List Chronologically) Month/Day/Year | Number of 4.5% Notes Purchased and/or Acquired | Purchase / Acquisition Price Per Note | Aggregate Cost (excluding commissions, taxes and fees) |
|---|---|---|---|
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |

**3.** **SALES**:  Number of LG Display 4.5% Notes sold during the period July 16, 2004 through December 11, 2006, inclusive (*Must be documented*):

| Sale(s) of 4.5% Notes (List Chronologically) Month/Day/Year | Number of 4.5% Notes Sold | Sale Price Per Note | Amount Received (excluding commissions, taxes and fees) |
|---|---|---|---|
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |

**4.** **UNSOLD HOLDINGS**:  Face amount of LG Display 4.5% Notes owned at the close of trading on December 11, 2006: _____. (If none, write 0) *(Must be documented)*.

**D.** **LG Display Zero Coupon Notes due April 19, 2010**

**1.** **BEGINNING HOLDINGS**:  Face amount of LG Display Zero Coupon Notes held at the close of trading on July 15, 2004: _____.  (If none, write 0) (*Must be documented*).

**2.** **PURCHASES AND ACQUISITIONS**:  Number of LG Display Zero Coupon Notes purchased or otherwise acquired during the period July 16, 2004 through December 11, 2006, inclusive (*Must be documented*):

| Purchase(s) / Acquisition(s) of Zero Coupon Notes (List | Number of Zero Coupon Notes Purchased | Purchase / Acquisition Price Per Note | Aggregate Cost (excluding commissions, taxes |
|---|---|---|---|

| Chronologically) Month/Day/Year | and/or Acquired | | and fees) |
|---|---|---|---|
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |

**3.** **SALES**:  Number of LG Display Zero Coupon Notes sold during the period July 16, 2004 through December 11, 2006, inclusive (*Must be documented*):

| Sale(s) of Zero Coupon Notes (List Chronologically) Month/Day/Year | Number of Zero Coupon Notes Sold | Sale Price Per Note | Amount Received (excluding commissions, taxes and fees) |
|---|---|---|---|
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |

**4.** **UNSOLD HOLDINGS**:  Face amount of LG Display Zero Coupon Notes owned at the close of trading on December 11, 2006:  _____. (If none, write 0) *(Must be documented)*.


YOU MUST READ AND SIGN THE RELEASE ON PAGES 12-15.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.

If you require additional space, attach extra schedules in the same format as above. Copies of broker's confirmations or other documentation evidencing your transactions in LG Display securities should be attached.

**PART III:** **SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGEMENTS**

1.      I (We) submit this Proof of Claim and Release under the terms of the Stipulation and Agreement of Settlement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to my claim as a Class Member and for purposes of enforcing the release set forth herein and any Judgment which may be entered in the Class Action. I (We) further acknowledge that I (we) am (are) bound by and subject to the terms of any Judgment that may be entered in the Class Action.

2.      I (We) agree to furnish additional information to the Claims Administrator to support this claim if required to do so.

**PART IV:** **DEFINITIONS AND RELEASE**

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, discharge and release all "Released Claims" against all "Released Parties," including "Unknown Claims," as defined below.

(a)     "**Released Claims**" means:

(i)     with respect to the Defendant Released Parties the release by Lead Plaintiffs and all Class Members of all claims, demands, rights, liabilities, causes of action, suits, matters and issues of every nature and description (including, but not limited to, Unknown Claims), whether under federal, state or other law, asserted by or that could have been asserted by or on behalf of Plaintiffs or any Class Member, arising out of or relating to, directly or indirectly (including derivatively) the purchase or acquisition of LG Display's publicly traded securities during the Class Period, and the facts, matters, allegations, transactions, events, disclosures, statements, acts or omissions that were alleged or that could have been alleged in the Complaint.

(ii)    with respect to Lead Plaintiffs and all other Class Members, the release by the Defendants of all claims, demands, rights, liabilities, causes of action, suits, matters and issues of every nature and description, including Unknown Claims, whether under federal, state or other law, asserted in the Class Action or that could have been asserted, including, but not limited to, in the Class Action against the Plaintiff Releasees, arising out of or relating in any way to the institution, prosecution or settlement of the Class Action (except claims to enforce the Settlement).

(b)     "**Released Parties**" means:

(i)     with respect to the Defendants: the Defendants, their respective present and former parents, subsidiaries, divisions and affiliates, the present and former employees, officers and directors of each of them, the present and former attorneys, accountants, auditors, advisors, trustees, administrators, fiduciaries, consultants, representatives, insurers, and agents of each of them, and the predecessors, heirs, successors and assigns of each of them (together, the

"Defendant Releasees"), and any Person or entity which is or was related to or affiliated with any Defendant Releasee or in which any Defendant Releasee has or had a controlling interest and the present and former employees, officers and directors, attorneys, accountants, auditors, advisors, trustees, administrators, fiduciaries, consultants, representatives, insurers, and agents of each of them (all, with the Defendant Releasees, the "Defendant Released Parties").

(ii) with respect to Plaintiffs: the Lead Plaintiffs and all other Class Members, their respective present and former parents, subsidiaries, divisions, affiliates, transferees and assigns, the present and former legal representatives, employees, officers and directors of each of them, the present and former attorneys, accountants, auditors, advisors, trustees, administrators, executors, fiduciaries, consultants, representatives, insurers, and agents of each of them, and the predecessors, heirs, successors and assigns of each, and Plaintiffs' Counsel (together, the "Plaintiff Releasees"), any Person or entity in which any Plaintiff Releasee has or had a controlling interest or which is or was related to or affiliated with any Plaintiff Releasee, and any Person or entity making claims (now or in the future) through or on behalf of any Plaintiff Releasee.

(c) "**Unknown Claims**" means any Released Claims that any Lead Plaintiff or Class Member does not know of or suspect to exist in his, her or its favor at the time of the release of the Defendant Released Parties and any Released Claim that any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of the Plaintiff Releasees which, if known by him, her or it might have affected his, her or its decisions with respect to the Settlement including, with respect to Plaintiffs, his, her or its decision not to object to this Settlement or not to exclude himself, herself or itself from the Class. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiffs shall expressly waive, and each of the Class Members shall be deemed to have and by operation of the Judgment shall have expressly waived, the provisions, rights and benefits of California Civil Code § 1542 and any provisions, rights and benefits conferred by any law of any state or territory of the United States or principle of common law which is similar, comparable or equivalent to California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true with respect to the subject matter of the Released Claims, but each Lead Plaintiff shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have fully, finally and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard

to the subsequent discovery or existence of such different or additional facts. The Lead Plaintiffs and the Defendants acknowledge, and the Class Members shall be deemed to have acknowledged, and by operation of the Judgment shall have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

2.      This release shall be of no force or effect unless and until the Court gives final approval to the Settlement and the Effective Date occurs.

**PART V:          REPRESENTATIONS**

1.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

2.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions and sales transactions in LG Display publicly traded securities which occurred during the period July 16, 2004 through December 11, 2006, inclusive, and the number of LG Display ADSs, common shares and/or notes held by me (us) at the close of trading on July 15, 2004 and at the close of trading on December 11, 2006.

3.      I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a) (1) (c) of the Internal Revenue Code.

NOTE:      If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I declare under penalty of perjury under the laws of the State of New York and the United States of America that the foregoing information supplied by the undersigned is true and correct and that this Proof of Claim and Release form was executed this _____ day of

_____ in _____.
(month, year)              (City, State, Country)


_____                    _____
(Sign your name here)                                           (Sign your name here)




_____                    _____
(Type or print your name here)                                (Type or print your name here)




_____                    _____
(Capacity of persons signing, *e.g.*, Beneficial     (Capacity of persons signing, *e.g.*, Beneficial
Purchaser, Executor or Administrator)                Purchaser, Executor or Administrator)


**ACCURATE CLAIMS PROCESSING TAKES A**

**SIGNIFICANT AMOUNT OF TIME**

**THANK YOU FOR YOUR PATIENCE**

**ACCURATE CLAIMS PROCESSING TAKES A**
**SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

**Reminder Checklist:**

1.      Please sign the Certification section of the Proof of Claim and Release on Page 15.

2.      If this claim is being made on behalf of joint claimants, both must sign.

3.      Remember to attach supporting documentation.

4.      Do not send original stock certificates.

5.      Keep a copy of your Proof of Claim and Release form and all documents submitted for your records.

6.      If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

7.      If you move, please send the Claims Administrator your new address.

**These forms and your supporting documentation must be postmarked**
**no later than April 16, 2011.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------------------X
                                                      :
IN RE LG.PHILIPS LCD CO., LTD.                        :    Civil Action
SECURITIES LITIGATION                                 :    No. 07-CV-909
_____               :
                                                      :
This Document Relates to:                             :
                                                      :
ALL ACTIONS                                           :
                                                      :
                                                      :
                                                      :
                                                      :
------------------------------------------------------------------------X
```

**[PROPOSED]**
**JUDGMENT AND ORDER OF DISMISSAL**

**EXHIBIT 4**

SULLIVAN, D. J.,

This matter having come before the Court for hearing pursuant to the Court's Preliminary Approval Order dated December 17, 2010, on the application of the Parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement, dated October 15, 2010 (the "Stipulation"), and due and adequate notice having been given to the Class as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Order incorporates by reference the definitions in the Stipulation, and, except where stated otherwise, all capitalized terms used herein have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Class Action and over all Parties to the Class Action, including all members of the Class.

3.      The notice given to the Class of the proposed Settlement and the other matters set forth in the Stipulation is hereby determined to be the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable effort.  Said notice provided due and adequate notice of these proceedings and of the matters set forth in the Stipulation, including the proposed Settlement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and due process.  Members of the Class have been offered a full opportunity to object to the proposed Settlement or any of its terms, including the Plan of Allocation and Lead Counsel's application for attorneys' fees and expenses, and to participate in

the hearing thereon.  Thus, it is hereby determined that all members of the Class who did not timely request to exclude themselves from the Class, as required per the Notice, Summary Notice and the Preliminary Approval Order, are bound by this Judgment.

4.      The Settlement is approved as fair, reasonable and adequate, within the meaning of Rule 23, and in the best interests of the Class.  The Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

5.      The Court reaffirms, solely for the purposes of the Stipulation and Settlement, that all elements for maintenance of the Class Action as a Rule 23 class action have been met, and the Court confirms certification of the Class solely for the purposes of the Stipulation and Settlement.  Specifically: the Class satisfies the numerosity requirement of Rule 23(a)(1); there are common issues of fact and law sufficient to satisfy Rule 23(a)(2); the claims of the Lead Plaintiffs are typical of the claims of absent members of the Class, satisfying Rule 23(a)(3); the Lead Plaintiffs are adequate representatives of the Class, satisfying Rule 23(a)(4); common issues predominate over individual issues, satisfying Rule 23(b)(3); and class action treatment is a superior method of proceeding in this matter, satisfying Rule 23(b)(3).

6.      The Court finds that the Complaint was filed, and the actions in support thereof were taken, on a good faith basis in accordance with Section 21D(c)(1) of the Private Securities Litigation Reform Act of 1995 and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information.

7.      The Class Action, the Complaint, and the claims asserted therein by Class Members are hereby dismissed as against the Defendants in their entirety on the merits and with prejudice, in full and final discharge of any and all claims which were or could have been asserted therein, as against the Defendants, without fees or costs.

8.     Upon the Effective Date, the Lead Plaintiffs and other Class Members are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, in this Class Action or any other action or proceeding, including in any federal or state court, or in any other court, arbitration proceeding, administrative proceeding, or other tribunal or forum in the United States or elsewhere, any Released Claim against any of the Defendant Released Parties, regardless of whether any such Lead Plaintiffs and/or other Class Member ever seeks or obtains any distribution from the Settlement Fund by any means, including, without limitation, by submitting a Proof of Claim and Release form.

9.     Upon the Effective Date, the Defendants are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, in this Class Action or any other action or proceeding, including in any federal or state court, or in any other court, arbitration proceeding, administrative proceeding, or other tribunal or forum in the United States or elsewhere, any claims against the Plaintiff Releasees relating to the institution or prosecution of the Class Action.

10.     Upon the Effective Date, the Released Claims (as defined in the Stipulation and paragraph 11 below) against each and all of the Released Parties (as defined in the Stipulation and paragraph 11 below) shall be fully, finally and forever released, relinquished, discharged and dismissed with prejudice and on the merits, without costs to any party (except as otherwise provided in the Stipulation), upon entry of this Judgment.

11.     As used in this Order, the terms "Released Parties," "Released Claims," and "Unknown Claims" shall have the meanings as provided in the Stipulation, and specified below:

        (a)     "<u>Released Parties</u>" means:

(i)     with respect to the Defendants: the Defendants, their respective present and former parents, subsidiaries, divisions and affiliates, the present and former employees, officers and directors of each of them, the present and former attorneys, accountants, auditors, advisors, trustees, administrators, fiduciaries, consultants, representatives, insurers, and agents of each of them, and the predecessors, heirs, successors and assigns of each of them (together, the "Defendant Releasees"), and any Person or entity which is or was related to or affiliated with any Defendant Releasee or in which any Defendant Releasee has or had a controlling interest and the present and former employees, officers and directors, attorneys, accountants, auditors, advisors, trustees, administrators, fiduciaries, consultants, representatives, insurers, and agents of each of them (all, with the Defendant Releasees, the "Defendant Released Parties").

(ii)     with respect to Plaintiffs: the Lead Plaintiffs and all other Class Members, their respective present and former parents, subsidiaries, divisions, affiliates, transferees and assigns, the present and former legal representatives, employees, officers and directors of each of them, the present and former attorneys, accountants, auditors, advisors, trustees, administrators, executors, fiduciaries, consultants, representatives, insurers, and agents of each of them, and the predecessors, heirs, successors and assigns of each, and Plaintiffs' Counsel (together, the "Plaintiff Releasees"), any Person or entity in which any Plaintiff Releasee has or had a controlling interest or which is or was related to or affiliated with any Plaintiff Releasee, and any Person or entity making claims (now or in the future) through or on behalf of any Plaintiff Releasee.

(b)     "Released Claims" means:

4

(i)       with respect to the Defendant Released Parties the release by Lead Plaintiffs and all Class Members of all claims, demands, rights, liabilities, causes of action, suits, matters and issues of every nature and description (including, but not limited to, Unknown Claims), whether under federal, state or other law, asserted by or that could have been asserted by or on behalf of Plaintiffs or any Class Member, arising out of, or relating to, directly or indirectly (including derivatively) the purchase or acquisition of LG Display's publicly traded securities during the Class Period, and the facts, matters, allegations, transactions, events, disclosures, statements, acts or omissions that were alleged or that could have been alleged in the Complaint.

(ii)     with respect to Lead Plaintiffs and all other Class Members, the release by the Defendants of all claims, demands, rights, liabilities, causes of action, suits, matters and issues of every nature and description, including Unknown Claims, whether under federal, state or other law, asserted in the Class Action or that could have been asserted, including, but not limited to, in the Class Action against the Plaintiff Releasees, arising out of or relating in any way to the institution, prosecution or settlement of the Class Action (except claims to enforce the Settlement).

(c)     "Unknown Claims" means any Released Claims that any Lead Plaintiff or Class Member does not know of or suspect to exist in his, her or its favor at the time of the release of the Defendant Released Parties and any Released Claim that any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of the Plaintiff Releasees which, if known by him, her or it might have affected his, her or its decisions with respect to the Settlement including with respect to Plaintiffs, his, her or its decision not to object to this Settlement or not to exclude himself, herself or itself from the Class.  With respect to any and all

Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiffs shall expressly waive, and each of the Class Members shall be deemed to have and by operation of the Judgment shall have expressly waived, the provisions, rights and benefits of California Civil Code § 1542 and any provisions, rights and benefits conferred by any law of any state or territory of the United States or principle of common law which is similar, comparable or equivalent to California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true with respect to the subject matter of the Released Claims, but each Lead Plaintiff shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have fully, finally and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Lead Plaintiffs and the Defendants acknowledge, and the Class Members shall be deemed to have acknowledged, and by operation of the Judgment shall have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

12.     Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:  (i) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claim or of any wrongdoing or liability of the Defendants; (ii) is or may be deemed to be or may be used as an admission or evidence of any liability, fault or omission of the Defendants in any civil, criminal or administrative proceeding in any court, arbitration proceeding, administrative agency or other forum or tribunal, other than in such proceedings as may be necessary to consummate or enforce the Stipulation, the Settlement or the Judgment; or (iii) is or may be deemed to be or may be used as an admission, concession or presumption against Lead Plaintiffs or the Class that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

13.     Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over the Parties for all matters relating to this Class Action, including (a) the implementation of the Settlement; (b) any award of the Settlement Fund, including interest earned thereon; and (c) all further proceedings concerning the administration, consummation and enforcement of the Stipulation, the Settlement and this Judgment.

14.     The finality of this Judgment shall not be affected, in any manner, by rulings the Court may make concerning the Plan of Allocation and/or Lead Counsel's application for an award of attorneys' fees and expenses.  The Defendants shall have no obligation to pay the Settlement Amount into the Class Settlement Account except as specifically provided in paragraph 9 of the Stipulation, and there shall be no distribution of any of the Net Settlement Fund to any Class Member until a Plan of Allocation is finally approved and is affirmed on

appeal and/or is no longer subject to review by appeal or certiorari, and the time for any petition

for rehearing, appeal, or review, by certiorari or otherwise, has expired.

15.     In the event that the Effective Date does not occur, this Judgment shall be

rendered null and void and shall be vacated *nunc pro tunc*, and the provisions of paragraphs 21

and 22 of the Stipulation shall apply.

16.     The Court finds that Lead Plaintiffs and Lead Counsel adequately represented the

Class for purposes of negotiating, entering into, and implementing the Settlement.

17.     This Judgment is a final judgment in the Class Action as to all claims among the

Parties.

18.     Nothing in this Judgment shall preclude any action to enforce the terms of the

Stipulation or this Judgment.

19.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

SO ORDERED:

Dated:     _____ ___, 2011
              New York, New York

_____
                Richard J. Sullivan
                United States District Judge