UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

In re L.G. PHILIPS LCD CO., LTD.     :   Civil Action No. 1:07-cv-00909-RJS
SECURITIES LITIGATION     :
————————————————————————    :   CLASS ACTION
    :
This Document Relates To:    :
    :
   ALL ACTIONS.    :
    :

———————————————————————— x


**CO-LEAD COUNSEL'S REPLY MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR (I) FINAL APPROVAL OF SETTLEMENT AND PLAN OF
ALLOCATION OF SETTLEMENT PROCEEDS; AND (II) AN AWARD OF
ATTORNEYS' FEES AND EXPENSES**

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ...........................................................................................1

II.     THE OBJECTION TO CO-LEAD COUNSEL'S FEE REQUEST LACKS
MERIT AND SHOULD BE REJECTED BY THE COURT...........................................2

      A.     The Objector Has Not Established Its Standing to Object.......................2

      B.     The Percentage Method of Awarding Fees in Class Actions is the Trend in
This Circuit and Co-Lead Counsel's Request for 30% of the Common
Fund Warrants Approval by the Court.................................................3

      C.     Co-Lead Counsel's Fee Request is Reasonable Under a Lodestar Cross-
Check ...........................................................................................5

      D.     Orloff and Its Counsel Have Submitted Similar Objections in Other
Recent Class Action Settlements .......................................................8

III.    REIMBURSEMENT SHOULD BE AWARDED TO LEAD PLAINTIFF .......................9

IV.    CONCLUSION.............................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Barnes v. FleetBoston Fin. Corp.,*
No. C.A. 01-10395-NG, 2006 U.S. Dist. LEXIS 71072 (D. Mass. Aug. 22, 2006) ................9

*Blum v. Stenson,*
465 U.S. 886 (1984) ..........................................................................................................3

*Clark v. Ecolab Inc.,*
No. 07 Civ. 8623 (PAC), 2010 WL 1948198 (S.D.N.Y. May 11, 2010) ...................................3

*Denney v. Jenkens & Gilchrist,*
230 F.R.D. 317 (S.D.N.Y. 2005) .........................................................................................9

*Feder v. Elec. Data Sys. Corp.,*
248 Fed. App'x. 579 (5th Cir. 2007) ....................................................................................3

*Gierlinger v. Gleason,*
160 F.3d 858 (2d Cir. 1998) ...............................................................................................6

*Goldberger v. Integrated Resources, Inc.,*
209 F.3d 43 (2d Cir. 2000) .............................................................................................5, 6

*Hicks v. Morgan Stanley & Co.,*
No. 01 Civ. 10071 (RJH), 2005 WL 2757792 (S.D.N.Y. Oct. 24, 2005) ............................7, 9

*Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanitary Corp.,*
487 F.2d 161 (3d Cir. 1973), *subsequently refined in, Lindy Bros. Builders, Inc. v.*
*American Radiator & Standard Sanitary Corp.,* 540 F.2d 102 (3d Cir. 1976) ........................6

*In re Acclaim Entertainment, Inc. Sec. Litig.,*
Master File No. 2:03-CV-1270(JS (ETB),
2007 U.S. Dist. LEXIS 98851 (E.D.N.Y. Oct. 2, 2007)...........................................................9

*In re Acclaim Entertainment, Inc. Sec. Litig.,*
Master File No. 2:03-CV-1270 (JS) (ETB), slip op. (E.D.N.Y. Oct. 2, 2007)...........................7

*In re AremisSoft Corp. Sec. Litig.,*
210 F.R.D. 109 (D.N.J. 2002) .............................................................................................5

*In re Crompton Corp. Sec. Litig.,*
No. 3:03-CV-1293 (EBB), slip op. (D. Conn. Aug. 17, 2010)..................................................7

612524_1

*In re Global Crossing Sec. & ERISA Litig.*,
    225 F.R.D. 436 (S.D.N.Y. 2004) ............................................................... 5, 6

*In re LaBranche Sec. Litig.*,
    Civil Action No. 03-CV-8201(RWS), slip op. (S.D.N.Y. Jan. 21, 2009) ............................... 7

*In re Merrill Lynch & Co. Research Reports Sec. Litig.*,
    No. 02 MDL 1484 (JFK), 2007 WL 313474 (S.D.N.Y. Feb. 1, 2007) ..................................... 4

*In re Rite Aid Corp. Sec. Litig.*,
    396 F.3d 294 (3d Cir. 2005) ............................................................................ 6

*In re Veeco Insturment Inc. Sec. Litig.*,
    No. 05 MDL 01695 (CM), 2007 WL 4115808 (S.D.N.Y. Nov. 7, 2007) ................................ 9

*In re Xcel Energy, Inc.*,
    364 F. Supp. 2d 980 (D. Minn. 2005) .................................................................. 10

*LeBlanc-Sternberg v. Fletcher*,
    143 F.3d 748 (2d Cir. 1998) ............................................................................ 6

*Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanitary Corp.*,
    487 F.2d 161 (3d Cir. 1973) ............................................................................ 6

*Missouri v. Jenkins*,
    491 U.S. 274 (1989), *aff'd sub nom. Jenkins v. Missouri*,
    931 F.2d 1273 (8th Cir. Mo. 1991) ..................................................................... 6

*O'Keefe v. Mercedes-Benz U.S., LLC*,
    214 F.R.D. 266 (E.D. Pa. 2003) ........................................................................ 8

*Savoie v. Merchants Bank*,
    166 F.3d 456 (2d Cir. 1999) ............................................................................ 6

*Taft v. Ackermans*,
    Civil Action No. 1:2002-CV-07951 (PKL), slip op. (S.D.N.Y. Jan. 31, 2007) ....................... 7

*Turner v. Murphy Oil USA, Inc.*,
    472 F. Supp. 2d 830 (E.D. La. 2007) ................................................................ 6, 9

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
    396 F.3d 96 (2d Cir. 2005) ............................................................................ 3

**STATUTES**

15 U.S.C. § 78u-4(a)(4) ................................................................................... 9

15 U.S.C. § 78u-4(a)(6) ................................................................................... 3

**OTHER AUTHORITIES**

MANUAL FOR COMPLEX LITIGATION §14.121 (4th ed. 2004) ............................. 3

4 NEWBERG ON CLASS ACTIONS §11:55 (4th Ed.) ........................................... 2

## I.   INTRODUCTION

Co-Lead Counsel[1] respectfully submit this reply memorandum in further support of the Motion for (i) Final Approval of Settlement and Plan of Allocation of Settlement Proceeds; and (ii) an Award of Attorneys' Fees and Expenses (the "Motion"), which was previously filed with the Court on February 24, 2011. *See* Dkt. No. 67.   As the deadline for submitting objections and requests for exclusion has now passed, Co-Lead Counsel are pleased to inform the Court that out of the approximately 92,000 notices mailed to potential Class Members, only one objection - to Co-Lead Counsel's request for attorneys' fees - has been received.[2]   Moreover, no one has objected to the size or terms of the proposed Settlement obtained in the above-captioned action (the "Litigation") or the plan for allocating the settlement proceeds to the Class.[3]   For the reasons discussed below, the Motion should be granted and the objection overruled.

At this time, Co-Lead Counsel also move this Court for an award of $1,500 to Justin M. Coren, one of the Court-appointed Lead Plaintiffs in this Litigation, as reimbursement for reasonable costs and expenses directly relating to his representation of the Class.

---

[1]   All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement dated October 15, 2010 (the "Stipulation").

[2]   The claims administrator for the Settlement, Gilardi & Co. LLC, has undertaken an extensive Court-approved notice mailing in connection with the Settlement. *See* Supplemental Declaration of Carol K. Sylvester Regarding Mailing the Notice of Pendency and Proposed Settlement of Class Action and the Proof of Claim and Release Form, submitted herewith, for updated information regarding the notice mailing.

[3]   In addition, not a single request for exclusion from the Class has been received.

- 1 -

## II.     THE OBJECTION TO CO-LEAD COUNSEL'S FEE REQUEST LACKS MERIT AND SHOULD BE REJECTED BY THE COURT

### A.     The Objector Has Not Established Its Standing to Object

Orloff Fam Tr UAD 12/31/01 Marshall J Orloff & Ann S. Orloff TTEES ("Orloff") has filed the only objection in this Litigation (the "Objection"). *See* Dkt. No. 76. As an initial matter, Orloff has not established its standing as a Class Member and therefore has not established its standing to object to any aspect of the Settlement, including Co-Lead Counsel's fee request. The Notice of Pendency and Proposed Settlement of Class Action (the "Notice") that was mailed to potential Class Members sets forth the requirements for a valid objection. Specifically, the Notice states:

> To object, you must send a letter saying that you object to the Settlement in the *In re LG.Philips LCD Co., Ltd. Securities Litigation,* Civil Action No. 07-CV-909 and the reasons why you object to the Settlement. Be sure to include your name, address, telephone number and your signature. You must also include information concerning your purchase(s) and acquisition(s) of publicly traded LG Display securities during the period from July 16, 2004 through December 11, 2006, inclusive, including the type of LG Display security, the number of LG Display ADSs, common shares and/or notes purchased, acquired and/or sold and the dates of each purchase, acquisition and sale.

The Objection merely states that Orloff's current address is in San Diego County, State of California, and that Orloff's address can be obtained through counsel. Further, the Objection does not provide any specifics as to Orloff's transactions in LG Display Co., Ltd. (f/k/a LG.Philips LCD Co., Ltd.) ("LG Display") securities as required in the Notice. The Objection only asserts that Orloff "purchased securities of LG Display securities during the period from July 16, 2004 through December 11, 2006." *See* Objection at p.1. Orloff has not provided any specific dates or trading records in connection with its alleged purchase(s) of LG Display securities, nor has Orloff signed anything attesting to the fact that it purchased LG Display securities during the Class Period. Thus, Orloff has not made a proper showing that it has standing to object. *See generally* 4 NEWBERG ON CLASS ACTIONS § 11:55 (4th Ed.) ("[A]s a general rule, only class members have standing to object

- 2 -

to a proposed settlement."); *Feder v. Elec. Data Sys. Corp.*, 248 Fed. App'x. 579, 581 (5th Cir. 2007) (finding objector who produced no evidence to support his membership in the class lacked standing to object to settlement and noting that "[a]llowing someone to object to settlement in a class action based on this sort of weak, unsubstantiated evidence would inject a great deal of unjustified uncertainty into the settlement process").

**B.** **The Percentage Method of Awarding Fees in Class Actions is the Trend in This Circuit and Co-Lead Counsel's Request for 30% of the Common Fund Warrants Approval by the Court**

Although the Second Circuit has held that district courts may use either the percentage of the recovery or the lodestar method when determining an award of attorneys' fees, "[t]he trend in this Circuit is toward the percentage method … which 'directly aligns the interests of the class and its counsel and provides a powerful incentive for the efficient prosecution and early resolution of the litigation.'" *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005) (internal citations omitted); *see also Clark v. Ecolab Inc.*, No. 07 Civ. 8623 (PAC), 2010 WL 1948198, at *8 (S.D.N.Y. May 11, 2010) ("In this Circuit, the 'percentage-of-recovery' method is the 'trend.'").[4] On a percentage basis, the amount of attorneys' fees requested by Co-Lead Counsel is consistent with fee awards made by this Court, other courts in this District, and other courts within the Second Circuit. *See* cases cited in Co-Lead Counsel's Fee Memorandum at pp. 19-20. Moreover, contrary

---

[4] *See* Co-Lead Counsel's Memorandum of Law in Support of Motion for an Award of Attorneys' Fees and Expenses ("Co-Lead Counsel's Fee Memorandum") (Dkt No. 69), at pp. 4-7. The percentage method is also embodied in the Private Securities Litigation Reform Act of 1995 ("PSLRA"), which states that "[t]otal attorneys' fees and expenses awarded by the court to counsel for the plaintiff class shall not exceed a *reasonable percentage* of the amount" recovered for the class. 15 U.S.C. § 78u-4(a)(6) (emphasis added). *See also* MANUAL FOR COMPLEX LITIGATION § 14.121, at 187 (4th ed. 2004) (commenting that "the vast majority of courts of appeals now permit or direct district courts to use the percentage-fee method in common-fund cases") (footnotes omitted). In addition, the percentage method is the only method expressly approved by the Supreme Court in common fund cases. *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984).

- 3 -

to Orloff's objections, Co-Lead Counsel's 30% fee request is fair and reasonable given the circumstances of this case.

As detailed in Co-Lead Counsel's previous submissions to the Court, the proposed Settlement is an excellent result for the Class - providing a recovery representing approximately 35 percent of the Class's maximum provable damages as estimated by Lead Plaintiffs' damages consultant. *See In re Merrill Lynch & Co. Research Reports Sec. Litig.*, No. 02 MDL 1484 (JFK), 2007 WL 313474, at *10 (S.D.N.Y. Feb. 1, 2007) (finding settlement representing approximately 6.25% of estimated damages to be "at the higher end of the range of reasonableness of recovery in class action securities litigations"). This result was obtained despite serious risks to recovery, including the risk that the Court would grant Defendants' motion to dismiss which was pending at the time the Settlement was reached. Further, even if Lead Plaintiffs survived Defendants' motion to dismiss, they faced significant obstacles to establishing liability, the Class's full amount of damages and the Court's personal jurisdiction over the Individual Defendants if the Litigation had continued.[5] Lead Plaintiffs also faced the additional complexities arising from litigating against foreign defendants, as seen in connection with the investigation and informal discovery undertaken in connection with the Settlement. Counsel less schooled in the strategies of litigating securities actions and unaccustomed to addressing these ancillary issues may have been stymied early on by the jurisdictional issues and need for specific experts, and it is likely that such a favorable recovery for the Class in this Litigation would not have been attained, especially at this stage of the

---

[5] *See* Co-Lead Counsel's Fee Memorandum at pp. 7-16 for a full discussion of the risks of further litigation, as well as the time and labor expended by counsel, the complexity of the Litigation, the quality of representation and public policy considerations. *See also* Lead Plaintiffs' Memorandum of Law in Support of Motion for Final Approval of Settlement and Plan of Allocation of Settlement Proceeds (Docket No. 68) and the Joint Declaration of David A. Rosenfeld and Gregory M. Castaldo (Docket No. 70).

- 4 -

proceedings. *In re AremisSoft Corp. Sec. Litig.*, 210 F.R.D. 109, 133 (D.N.J. 2002) ("Informal discovery leading to an early settlement that avoids such costs [of formal discovery] favors approval of the fee application.").

In obtaining the proposed Settlement, Co-Lead Counsel expended substantial time and effort on behalf of the Class, all on a contingent basis. In addition to the Parties' motion practice, Co-Lead Counsel conducted an extensive investigation as well as voluminous informal discovery *prior to the execution* of the Stipulation. *See In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 458 (S.D.N.Y. 2004) ("[f]ormal discovery is not a prerequisite; the question is whether the parties had adequate information about their claims"). Indeed, an important term of the Settlement was Defendants' agreement to produce documents related to the allegations asserted in the Litigation. In compliance with this obligation, Defendants produced for Co-Lead Counsel's review and analysis more than 300,000 documents (approximately 1 million pages) - many of which were in Korean, requiring a detailed, and time-intensive, review by attorneys fluent in the Korean language.

After a successful result, there will always be those who suggest that the risk of no recovery was low from the start and a smaller percentage of attorneys' fee is fair. However, the Court should not be persuaded to use such hindsight bias to determine a fair and reasonable fee.

C.      **Co-Lead Counsel's Fee Request is Reasonable Under a Lodestar Cross-Check**

As Co-Lead Counsel acknowledged in their Fee Memorandum, courts in the Second Circuit may (and often do) "cross-check" the proposed fee award against counsel's lodestar in order to support the reasonableness of a fee awarded under the percentage method. *Goldberger v. Integrated*

*Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000).[6]  In conducting such a cross-check, the court must engage in a two-step analysis:  first, to determine the lodestar, the court multiplies the number of hours each attorney spent on the case by each attorney's reasonable hourly rate;[7] and second, the court adjusts that lodestar figure (by applying a multiplier) to reflect such factors as the risk and contingent nature of the litigation, the result obtained and the quality of the attorney's work.  *See, e.g., Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 167-69 (3d Cir. 1973), *subsequently refined in, Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 116-18 (3d Cir. 1976).

Contrary to Orloff's assertions, Co-Lead Counsel have provided the Court with the necessary information to perform a lodestar cross-check to determine that the 30% fee request is reasonable.  *See Turner v. Murphy Oil USA, Inc.*, 472 F. Supp. 2d 830, 861 (E.D. La. 2007) ("The lodestar analysis is not undertaken to calculate a specific fee, but only to provide a rough cross check on the reasonableness of the fee arrived at by the percentage method."); *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 307 (3d Cir. 2005) (holding "the lodestar cross-check does not trump the primary reliance

---

[6]  While the Court of Appeals for the Second Circuit encourages use of the lodestar method as a "cross check," it has acknowledged that the lodestar method on its own "proved vexing" and resulted in "an inevitable waste of judicial resources."  *Goldberger*, 209 F.3d at 48-50; *Savoie v. Merchants Bank*, 166 F.3d 456, 461 (2d Cir. 1999) ("percentage-of-the-fund method has been deemed a solution to certain problems that may arise when the lodestar method is used in common fund cases"); *see also Global Crossing*, 225 F.R.D. at 466 (noting that lodestar determination was often a "cumbersome, enervating, and often surrealistic process") (citation omitted).

[7]  Orloff also asserts that Co-Lead Counsel's use of current hourly rates to calculate their lodestar value is improper.  However, the Supreme Court and other courts have held that the use of current rates is appropriate since such rates compensate for inflation and the loss of use of funds.  *See, e.g., Missouri v. Jenkins*, 491 U.S. 274, 283-84 (1989) ("an appropriate adjustment for delay in payment" by applying "current" rate is appropriate), *aff'd sub nom. Jenkins v. Missouri*, 931 F.2d 1273 (8th Cir. Mo. 1991); *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998) (rates "should be 'current rather than historic'") (citation omitted); *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 764 (2d Cir. 1998) (current rates "should be applied in order to compensate for the delay in payment").

- 6 -

on the percentage of common fund method"). In a percentage fee application in the Second Circuit, detailed time records are not required and are typically not requested by district courts.[8] Moreover, reliance on the amount of attorney time to determine a fee has been substantially abandoned in common fund cases because it encourages delay and inefficiency. *See Hicks v. Mogan Stanley & Co.*, No. 01 Civ 10071 (RJH), 2005 WL 2757792, at *8 (S.D.N.Y. Oct. 24, 2005) (noting that the percentage method is often preferable to the lodestar method "because it reduces the incentive for counsel to drag the case out [and] fewer judicial resources will be spent in evaluating the fairness of the fee petition").

As demonstrated herein, district courts in this Circuit use the percentage method in securities common fund cases and typically make their decisions without undertaking a review of detailed time records.[9] Co-Lead Counsel have presented the reasons they believe support use of the percentage method in this case and why a court review of daily time records is unnecessary when performing a

---

[8] For the Court's reference, the following are some recent cases in the Second Circuit where Co-Lead Counsel made percentage fee applications supplying the same type of documentation or less than what has been submitted in this case and which were approved by the district courts: *In re Crompton Corp. Sec. Litig.*, No. 3:03-CV-1293 (EBB) (D. Conn. Aug. 17, 2010) (*See* Order and Final Judgment at p. 9 – Judge Ellen Bree Burns awarded attorneys' fees of 25% of the $11,357,500 recovery); *In re LaBranche Sec. Litig.*, Civil Action No. 03-CV-8201(RWS) (S.D.N.Y. Jan. 21, 2009) (*See* Order Awarding Lead Plaintiffs' Counsel's Attorneys' Fees and Expenses and Reimbursement of Lead Plaintiffs' Time and Expenses at p. 1 – Judge Robert W. Sweet awarded attorneys' fees of 30% of the $13 million recovery); *In re Acclaim Entertainment, Inc. Sec. Litig.*, Master File No. 2:03-CV-1270 (JS) (ETB) (E.D.N.Y. Oct. 2, 2007) (*See* Order and Final Judgment at p. 9 – Judge Joanna Seybert awarded attorneys' fees of 30% of the $13,650,000 recovery); *Taft v. Ackermans*, Civil Action No. 1:2002-CV-07951 (PKL) (S.D.N.Y. Jan. 31, 2007) (*See* Judgment at p. 18 – Judge Peter K. Leisure awarded attorneys' fees of 30% of the $15,175,000 recovery). *See* Exhibits 1-4 attached hereto for copies of the foregoing orders.

[9] Co-Lead Counsel believe Orloff is asking for counsel to provide time records so its attorney can volunteer to review them, even though Orloff's counsel has no knowledge of the issues or the complexity of the work performed. And when Orloff's counsel is finished reviewing the time records, he will ask the Court to have the Class pay for his services even though such a review is unnecessary.

612524_1

lodestar cross check. However, if the Court advises Co-Lead Counsel it wishes to review their time records, Co-Lead Counsel will provide these records to the Court at the final approval hearing.

### D. Orloff and Its Counsel Have Submitted Similar Objections in Other Recent Class Action Settlements

In determining the weight to be given to the Objection, the Court should consider the source of the Objection. Orloff has submitted substantially similar objections in several recent class action cases. *See, e.g., In re Micron Tech, Inc. Sec Litig.*, Master File No. 1:06-cv-00085-S-WFD (D. Id. Jan. 19, 2011) (Dkt. No. 173); *In re Mercury Interactive Corp. Sec. Litig.*, No. 5:05-CV-3395-JF(PVT) (N.D. Cal. Jan. 13, 2011) (Dkt. No. 401). In addition, the attorney representing Orloff in this matter, Forrest S. Turkish, recently submitted an objection to attorneys' fees in *Dewey v. Volkswagen AG*, Civil Action No. 07-2249(FSH) (D.N.J. July 21, 2010) (Dkt. No. 237). Repeat or "professional" objectors play no positive role in class action litigation and do nothing to benefit the class. As one court recently explained in requiring a professional objector to post a bond on appeal:

> Repeat objectors to class action settlements can make a living simply by filing frivolous appeals and thereby slowing down the execution of settlements. The larger the settlement, the more cost-effective it is to pay the objectors rather than suffer the delay of waiting for an appeal to be resolved (even an expedited appeal). Because of these economic realities, professional objectors can levy what is effectively a tax on class action settlements, a tax that has no benefit to anyone other than to the objectors. Literally nothing is gained from the cost: Settlements are not restructured and the class, on whose behalf the appeal is purportedly raised, gains nothing.

*Barnes v. FleetBoston Fin. Corp.*, No. C.A. 01-10395-NG, 2006 U.S. Dist. LEXIS 71072, at *3-*4 (D. Mass. Aug. 22, 2006). As a result, "[f]ederal courts are increasingly weary of professional objectors." *O'Keefe v. Mercedes-Benz U.S., LLC*, 214 F.R.D. 266, 295 n.26 (E.D. Pa. 2003) (gathering cases involving professional objectors).

For all of the foregoing reasons, the present Objection lacks merit and should be overruled by the Court.

612524_1

## III.   REIMBURSEMENT SHOULD BE AWARDED TO LEAD PLAINTIFF

The PSLRA specifically provides for reimbursement to representative plaintiffs in securities

fraud class actions:

> The share of any final judgment or of any settlement that is awarded to a representative party serving on behalf of a class shall be equal, on a per share basis, to the portion of the final judgment or settlement awarded to all other members of the class. **Nothing in this paragraph shall be construed to limit the award of reasonable costs and expenses (including lost wages) directly relating to the representation of the class to any representative party serving on behalf of a class.**

15 U.S.C. § 78u-4(a)(4) (emphasis added). With the discretion provided by the PSLRA, courts have

routinely availed themselves of the power to grant remuneration to class representatives reflecting

their services undertaken for the benefit of the class. *See Hicks*, 2005 WL 2757792, at *10 ("Courts

in this Circuit routinely award such costs and expenses both to reimburse the named plaintiffs for

expenses incurred through their involvement with the action and lost wages, as well as to provide an

incentive for such plaintiffs to remain involved in the litigation and to incur such expenses in the first

place."); *Turner*, 472 F. Supp. 2d at 870 ("Courts 'commonly permit payments to class

representatives above those received in settlement by class members generally.'") (internal citation

omitted).[10]

As detailed in the Declaration of Justin M. Coren in Support of Application for

Reimbursement of Costs and Expenses Incurred in Connection with Representation of the Class,

_____

[10] *See, e.g., In re Veeco Instrument Inc. Sec. Litig.*, No. 05 MDL 01695 (CM), 2007 WL 4115808, at *12 (S.D.N.Y. Nov. 7, 2007) (awarding lead plaintiff $16,089.20 as compensation for reasonable costs and expenses incurred in representing the class); *In re Acclaim Entertainment, Inc. Sec. Litig.*, Master File No. 2:03-CV-1270 (JS (ETB), 2007 U.S. Dist. LEXIS 98851, at *17-18 (E.D.N.Y. Oct. 2, 2007) (awarding lead plaintiffs amounts ranging from $4,952.50 to $15,000 for their costs and expenses directly relating to their representation of the class); *Denney v. Jenkens & Gilchrist*, 230 F.R.D. 317, 354-55 (S.D.N.Y. 2005) (awarding lead plaintiffs $10,000 each for their role in the case and arriving at a settlement that would be in the best interest of the entire class).

612524_1

submitted herewith, Mr. Coren has been fully committed to pursuing his own claims and the claims of the Class against the Defendants during the four years this case has been pending. In devoting substantial effort and time to this Litigation on behalf of the Class, Mr. Coren reviewed filings and communicated with Co-Lead Counsel on a regular basis, including throughout the Parties' settlement negotiations. These are precisely the types of activities found to support reimbursement to class representatives. *See In re Xcel Energy, Inc.*, 364 F. Supp. 2d 980, 1000 (D. Minn. 2005) (granting awards to lead plaintiffs where they reviewed pleadings, communicated with counsel, indicated willingness to appear at trial, kept informed of settlement negotiations, and effectuated policies of federal securities laws). Accordingly, Co-Lead Counsel respectfully request that a modest award of $1,500 be made to Lead Plaintiff Justin M. Coren, as reimbursement for reasonable costs and expenses directly relating to his representation of the Class.

## IV. CONCLUSION

For the reasons stated herein as well as in Co-Lead Counsel's opening papers at Docket Nos. 67-75, the Court should deny the Objection submitted on behalf of Orloff because it is without merit, and approve Co-Lead Counsel's present request for attorneys' fees. In addition, Co-Lead Counsel's application for reimbursement to Lead Plaintiff Justin M. Coren in the amount of $1,500.00 is warranted and should be approved by the Court.

DATED: March 10, 2011

Respectfully submitted,

ROBBINS GELLER RUDMAN
& DOWD LLP
ELLEN GUSIKOFF STEWART

_____
s/ Ellen Gusikoff Stewart
ELLEN GUSIKOFF STEWART

- 10 -

655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
   & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA JR
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
malba@rgrdlaw.com

BARROWAY TOPAZ KESSLER
   MELTZER & CHECK, LLP
GREGORY M. CASTALDO
CHRISTOPHER L. NELSON
MICHELLE M. NEWCOMER
JENNIFER L. ENCK
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610/667-7706
610/667-7056 (fax)

Co-Lead Counsel for Lead Plaintiffs

612524_1

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 10, 2011.

s/ Ellen Gusikoff Stewart
ELLEN GUSIKOFF STEWART

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: elleng@rgrdlaw.com

# Mailing Information for a Case 1:07-cv-00909-RJS

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Gregory M. Castaldo**
  gcastaldo@btkmc.com

- **Jennifer L Enck**
  jenck@btkmc.com

- **Sean M. Handler**
  ecf_filings@btkmc.com

- **Joon Hyun Kim**
  jkim@cgsh.com,maofiling@cgsh.com,ejdavis@cgsh.com,ccastedo@cgsh.com,lberger@cgsh.com,klynch@cgsh.com,USANY

- **Christopher L. Nelson**
  cnelson@btkmc.com,lpderson@btkmc.com,dpotts@btkmc.com

- **Michelle M. Newcomer**
  mnewcomer@btkmc.com

- **Orloff Fam Tr UAD 12/13/01Marshall J Orloff & Ann S. Orloff TTEES**
  fsturkish@aol.com

- **Darren J. Robbins**
  e_file_sd@lerachlaw.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com

- **Ellen Anne Gusikoff Stewart**
  elleng@rgrdlaw.com

- **Michael K. Yarnoff**
  myarnoff@btkmc.com,dmaytorena@btkmc.com,dpotts@btkmc.com,mswift@btkmc.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
William S. Lerach
Keker & Van Nest
710 Sansome Street
San Francisco, CA 94111-1704

Ellen Gusikoff Stewart
Robbins Geller Rudman & Dowd LLP (San Diego)
655 West Broadway
Suite 1900
San Diego, CA 92101

Alfred G. Yates                              , Jr
429 Forbes Avenue
Pittsburgh, PA 15219
```