EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

FILED
2010 AUG 17  A 10: 35
U.S. DISTRICT COURT
AVEN. CT

IN RE CROMPTON CORP.                :       No. 3:03-CV-1293 (EBB)
SECURITIES LITIGATION               :
                                    :

## ORDER AND FINAL JUDGMENT

WHEREAS, a consolidated class action is pending in this Court against Defendants, captioned *In re Crompton Corp. Securities Litigation*, No. 3:03-CV-1293 (EBB) (the "Action"); and

WHEREAS, this matter came before the Court for hearing pursuant to the Preliminary Order Conditionally Certifying a Settlement Class and Approving Notice and Hearing in Connection with Settlement Proceedings dated May 12, 2010 (the "Preliminary Order"), on the application of the parties for approval of the Settlement set forth in the Amended Stipulation and Agreement of Settlement dated as of April 13, 2010 (the "Amended Stipulation") entered into by Lead Plaintiffs Pierre Brull and William Ashe ("Lead Plaintiffs"), on behalf of themselves and the Class (as defined herein), and defendants Crompton Corporation ("Crompton" or the "Company"), Vincent Calarco, Peter Barna, E. Gary Cook, Harry G. Hohn, Bruce F. Wesson, Simeon Brinberg, and Nicholas Pappas (collectively the "Defendants" and, together with Lead Plaintiffs, the "Parties"), by and through their respective counsel; and

WHEREAS, due and adequate notice having been given to the Class, which was preliminarily certified by the Court for settlement purposes, as required in the Preliminary Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.  This Order and Final Judgment (the "Judgment") incorporates by reference the definitions in the Amended Stipulation and all terms used herein shall have the same meanings as set forth in the Amended Stipulation.

2.  This Court has jurisdiction over the subject matter of the Action, and over all Parties to the Action, including all members of the Class.

3.  The Notice of Modified Proposed Class Action Settlement and Rescheduling of Fairness Hearing Due to Bankruptcy (the "Notice") has been given to the Class (as defined hereinafter), pursuant to and in the manner directed by the Preliminary Order, proof of the mailing of the Notice was filed with the Court by Co-Lead Counsel, and full opportunity to be heard has been offered to all Parties, the Class, and persons and entities in interest. The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Federal Rule of Civil Procedure 23, and it is further determined that all members of the Class are bound by the Judgment herein.

4.  Each of the provisions of Federal Rule of Civil Procedure 23 has been satisfied and the Action has been properly maintained according to the provisions of Rules 23(a) and 23(b)(3). Specifically, this Court finds, for purposes of settlement only, that (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Lead Plaintiffs are typical of the claims of the Class; (d) Lead Plaintiffs and their counsel have fairly and adequately protected the interests of the Class; (e) the questions of law and fact common to members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. The Action is hereby certified as a class action for purposes of settlement only pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3), on behalf of a class composed of all persons and entities who purchased or otherwise acquired the securities of Crompton during the period between October 26, 1998 and October 8, 2002, inclusive, including without limitation all persons and entities that purchased or otherwise acquired Crompton securities pursuant to the merger between Crompton & Knowles Corporation and Witco Corporation and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, members of the immediate family of any Defendant, any parent, subsidiary, affiliate, partner, or successor-in-interest of Crompton, and the directors and officers of Crompton or its subsidiaries, affiliates or successor-in-interest, or any entity in which any excluded person has a controlling interest and the legal representatives, heirs, successors and assigns of any excluded person. Also excluded from the Class are the Persons who timely and validly requested exclusion from the Class as attached to Exhibit 1 hereto.

6. The Settlement, and all transactions preparatory or incident thereto, is found to be fair, reasonable, adequate, and in the best interests of the Class, and it is hereby approved. The Parties to the Amended Stipulation are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions; and the Clerk of this Court is directed to enter and docket this Judgment in the Action.

7. The Action and all claims included therein, as well as all of the Released Claims (defined in the Amended Stipulation and in Paragraph 8(b) below) are dismissed with prejudice as to the Lead Plaintiffs and the other members of the Class, and as against each and all of the Released Parties (defined in the Amended Stipulation and in Paragraph 8(a) below). The Parties are to bear their own costs, except as otherwise provided in the Amended Stipulation.

8. As used in this Judgment, the terms "Released Parties," "Released Claims," "Settled Defendants' Claims," and "Unknown Claims" shall have the meanings as provided in the Amended Stipulation, and specified below:

(a) "Released Parties" means the Defendants, Don L. Blankenship, Richard M. Hayden, and each of their respective past or present subsidiaries, parents, successors and predecessors (including Witco), officers, directors, shareholders, general or limited partners, representatives, affiliates, members, agents, employees, attorneys, advisors, auditors, accountants, or any person, firm, trust, corporation, officer, director or other individual or entity in which any of them has a controlling interest or which is related to or affiliated with any of them, or the legal representatives, heirs, administrators, successors in interest or assigns of any of them.

"Released Claims" means any and all claims, rights, demands, obligations, controversies, debts, damages, losses, causes of action and liabilities of any kind or nature whatsoever, whether in law, equity, direct, derivative, or otherwise, including both known and Unknown Claims (as defined below), suspected or unsuspected, accrued or unaccrued, arising out of, connected with, or in any way relating to the subject matters of the Action, the merger of Witco and Crompton, and the purchase, acquisition, or sale of Crompton securities during the Class Period (including any acquisition of Crompton securities as a result of Crompton's merger with Witco), that have been or could have been asserted by members of the Class in the Action against the Released Parties.

"Settled Defendants' Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory, or common law or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by the Defendants or any of them or the

successors and assigns of any of them against any of the Lead Plaintiffs, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement).

        (d)    "Unknown Claims" means any and all (i) Released Claims which any Lead Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any (ii) Settled Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor, which, in each case of (i) and (ii), if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Settled Defendants' Claims, the Parties stipulate and agree that upon the Effective Date, Lead Plaintiffs shall expressly waive and relinquish to the fullest extent permitted by law, and each Class Member shall be deemed to have waived and relinquished, and by operation of the Order and Final Judgment shall have expressly waived and relinquished, any and all provisions, rights and benefits conferred by federal law, any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

It is the intention of Lead Plaintiffs and Defendants that, notwithstanding the provisions of Section 1542 or any similar provisions, rights and benefits conferred by law, and notwithstanding the possibility that Lead Plaintiffs, Defendants, or their counsel may discover or gain a more complete understanding of the facts, events or law that, if presently known or fully understood, would have affected the decision to enter into the Amended Stipulation, any and all Released Claims, including Unknown Claims, shall be fully, finally and forever settled. Lead

- 5 -

Plaintiffs and Defendants acknowledge, and Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Settled Defendants' Claims was separately bargained for and was a key element of the Settlement.

9. Upon the Settlement's Effective Date, Lead Plaintiffs and all Class Members, on behalf of themselves and each of their past or present officers, directors, shareholders, beneficiaries, employees, agents, representatives, general or limited partners, managers, members, affiliates, parents, subsidiaries, heirs, executors, administrators, successors and assigns, and any persons they represent, shall, with respect to each and every Released Claim, release and forever discharge, and shall forever be enjoined from prosecuting, any Released Claims against any of the Released Parties.

10. Upon the Effective Date of the Settlement, each of the Defendants, on behalf of themselves and their successors and assigns, shall also release and forever discharge each and every of the Settled Defendants' Claims, and shall forever be enjoined from prosecuting the Settled Defendants' Claims.

11. The Amended Stipulation, whether or not consummated, and any act performed or document executed pursuant to or in furtherance of the Amended Stipulation or the Settlement or any negotiation, discussion or proceedings in connection with the Amended Stipulation or the Settlement:

    a. does not constitute and shall not be offered against any or all Released Parties for any reason including, without limitation, as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any or all Released Parties with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any

defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of any or all Released Parties;

    b.    does not constitute and shall not be offered against any or all Released Parties as evidence of or construed as or deemed evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any or all Released Parties, or against Lead Plaintiffs and the Class as evidence of any infirmity in their claims;

    c.    does not constitute and shall not be offered against any or all Released Parties as evidence of or construed as or deemed evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Parties to the Amended Stipulation, in any other civil, criminal or administrative action or proceeding (including, but not limited to, any formal or informal investigation or inquiry by the Securities and Exchange Commission or any other state or federal governmental or regulatory agency), other than such proceedings as may be necessary to effectuate the provisions of the Amended Stipulation; *provided, however,* that any or all Released Parties may refer to it to effectuate the liability protection granted them thereunder;

    d.    does not constitute and shall not be offered or construed against any or all Released Parties as an admission or concession that the consideration to be given thereunder represents the amount which could be or would have been recovered after trial; and

    e.    does not constitute and shall not be offered or construed as an admission, concession or presumption against Lead Plaintiffs or the Class that any of their claims are without merit or that damages recoverable under the Complaints would not have exceeded the Settlement Fund. Any or all Released Parties may file the Amended Stipulation and/or the Order and Final Judgment in any other action or proceeding that may be brought against any or all of

them in support of a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment, bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. Lead Plaintiffs understand, acknowledge and agree that the Defendants have denied and continue to deny each and all claims of alleged wrongdoing.

12. The Plan of Allocation is approved as fair and reasonable, and Co-Lead Counsel and the Claims Administrator are directed to administer the Settlement in accordance with the terms and provisions of the Amended Stipulation.

13. The Court finds that all Parties and their counsel have complied with each requirement of the Private Securities Litigation Reform Act of 1995 and Federal Rule of Civil Procedure 11 as to all proceedings herein.

14. Only those Class Members who previously submitted valid Proof of Claim and Release forms ("Proofs of Claim") in connection with the Original Settlement or have submitted valid Proofs of Claim in connection with the present Settlement of the Action shall be entitled to participate in the Settlement and receive a distribution from the Settlement Fund. The Proof of Claim to be executed by the Class Members shall further release all Released Claims against the Released Parties. All Class Members shall, as of the Effective Date, be bound by the releases set forth herein whether or not they submit a valid and timely Proof of Claim.

15. No Authorized Claimant shall have any claim against Co-Lead Counsel, the Claims Administrator, or other agent designated by Co-Lead Counsel based on the distributions made substantially in accordance with the Settlement and Plan of Allocation as approved by the Court and further orders of the Court. No Authorized Claimant shall have any claim, and is barred from bringing any action, against the Defendants, Defendants' Counsel, or any of the Released Parties with respect to Co-Lead Counsel's and/or the Claim Administrator's investment

or distribution of the Net Settlement Fund, or Co-Lead Counsel's and/or the Claims Administrator's determination, administration, calculation or payment of claims, Co-Lead Counsel's and/or the Claims Administrator's administration of the Escrow Account, or any losses incurred in connection therewith. Likewise, no Authorized Claimant shall have any claim, and is barred from bringing any action, against the Defendants, Defendants' Counsel, or any of the Released Parties with respect to the Plan of Allocation or the Claims Administrator's responsibility to give notice to Class Members.

16.  Any order approving or modifying the Plan of Allocation set forth in the Notice, or the application for attorneys' fees and expenses shall not disturb or affect the finality of this Judgment, the Amended Stipulation or the Settlement contained therein.

17.  Co-Lead Counsel are hereby awarded attorneys' fees in the amount of __25__% of the Gross Settlement Fund [$2,839,375] plus accrued interest, which sum the Court finds to be fair and reasonable. Co-Lead Counsel are hereby awarded a total of $232,545.56 in reimbursement of expenses. The foregoing awards of fees and expenses shall be paid to Co-Lead Counsel from the Gross Settlement Fund, and such payment shall be made at the time and in the manner provided in the Stipulation, with interest from the date the Gross Settlement Fund was funded to the date of payment at the same net rate that interest is earned by the Gross Settlement Fund. The award of attorneys' fees and expenses shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Co-Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

18.  In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

> (a)  the Settlement has created a fund of $11,357,500 million in cash that is already on deposit, plus interest thereon, and that numerous Class

- 9 -

Members who submit acceptable Proofs of Claim will benefit from the Settlement;

(b)   Over 35,000 copies of the Notice were disseminated to putative Class Members indicating that Co-Lead Counsel were moving for attorneys' fees not to exceed 25% of the Gross Settlement Fund and reimbursement of expenses from the Gross Settlement Fund in a total amount not to exceed $350,000, and not a single objection was filed against the terms of the proposed Settlement or the ceiling on the fees and expenses contained in the Notice;

(c)   Co-Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d)   The Action involves complex factual and legal issues and was actively prosecuted over three years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e)   Had Co-Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the Class may have recovered less or nothing from the Defendants;

(f)   Plaintiffs' Counsel have devoted over 12,200 hours, with a lodestar value of $4,770,753, to achieve the Settlement; and

(g)   The amount of attorneys' fees awarded and expenses reimbursed from the Gross Settlement Fund are fair and reasonable and consistent with awards in similar cases.

19.   Without affecting the finality of this Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Action, Lead Plaintiffs, the Class, and the Released Parties for the purposes of: (1) supervising the implementation, enforcement, construction, and interpretation of the Amended Stipulation, the Plan of Allocation, and this Judgment; (2) hearing and determining any application by Co-Lead Counsel for an award of attorneys' fees, costs, and expenses if such determination is not made at the final hearing; and (3) supervising the distribution of the Settlement Fund.

20.   In the event that the Settlement does not become effective in accordance with the terms of the Amended Stipulation, then this Judgment shall be rendered null and void to the

extent provided by and in accordance with the Amended Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Amended Stipulation.

21.  There is no reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Federal Rule of Civil Procedure 54(b).

IT IS SO ORDERED, this 17th day of August, 2010:

/s/ Ellen Bree Burns, SUSDJ
ELLEN BREE BURNS
UNITED STATES DISTRICT JUDGE