UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/17/11

---------------------------------------- x
In re L.G. PHILIPS LCD CO., LTD. : Civil Action No. 1:07-cv-00909-RJS
SECURITIES LITIGATION :
: <u>CLASS ACTION</u>
---------------------------------------- :
:
This Document Relates To: :
:
    ALL ACTIONS. :
:
---------------------------------------- x

[~~PROPOSED~~] JUDGMENT AND ORDER OF DISMISSAL

612483_1

SULLIVAN, D. J.,

This matter having come before the Court for hearing pursuant to the Court's Preliminary Approval Order dated December 17, 2010, on the application of the Parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement, dated October 15, 2010 (the "Stipulation"), and due and adequate notice having been given to the Class as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation, and, except where stated otherwise, all capitalized terms used herein have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Class Action and over all Parties to the Class Action, including all members of the Class.

3. The notice given to the Class of the proposed Settlement and the other matters set forth in the Stipulation is hereby determined to be the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable effort. Said notice provided due and adequate notice of these proceedings and of the matters set forth in the Stipulation, including the proposed Settlement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and due process. Members of the Class have been offered a full opportunity to object to the proposed Settlement or any of its terms, including the Plan of Allocation and Lead Counsel's application for attorneys' fees and expenses, and to participate in the hearing thereon. Thus, it is hereby determined that all members of the Class who did not timely request to exclude

themselves from the Class, as required per the Notice, Summary Notice and the Preliminary Approval Order, are bound by this Judgment. As of March 10, 2011, no members of the Class had requested to exclude themselves therefrom.

4. The Settlement is approved as fair, reasonable and adequate, within the meaning of Rule 23, and in the best interests of the Class. The Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

5. The Court reaffirms, solely for the purposes of the Stipulation and Settlement, that all elements for maintenance of the Class Action as a Rule 23 class action have been met, and the Court confirms certification of the Class solely for the purposes of the Stipulation and Settlement. Specifically: the Class satisfies the numerosity requirement of Rule 23(a)(1); there are common issues of fact and law sufficient to satisfy Rule 23(a)(2); the claims of the Lead Plaintiffs are typical of the claims of absent members of the Class, satisfying Rule 23(a)(3); the Lead Plaintiffs are adequate representatives of the Class, satisfying Rule 23(a)(4); common issues predominate over individual issues, satisfying Rule 23(b)(3); and class action treatment is a superior method of proceeding in this matter, satisfying Rule 23(b)(3).

6. The Court finds that the Complaint was filed, and the actions in support thereof were taken, on a good faith basis in accordance with Section 21D(c)(1) of the Private Securities Litigation Reform Act of 1995 and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information.

7. The Class Action, the Complaint, and the claims asserted therein by Class Members are hereby dismissed as against the Defendants in their entirety on the merits and with prejudice, in full and final discharge of any and all claims which were or could have been asserted therein, as against the Defendants, without fees or costs.

- 2 -
612483_1

8. Upon the Effective Date, the Lead Plaintiffs and other Class Members are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, in this Class Action or any other action or proceeding, including in any federal or state court, or in any other court, arbitration proceeding, administrative proceeding, or other tribunal or forum in the United States or elsewhere, any Released Claim against any of the Defendant Released Parties, regardless of whether any such Lead Plaintiffs and/or other Class Member ever seeks or obtains any distribution from the Settlement Fund by any means, including, without limitation, by submitting a Proof of Claim and Release form.

9. Upon the Effective Date, the Defendants are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, in this Class Action or any other action or proceeding, including in any federal or state court, or in any other court, arbitration proceeding, administrative proceeding, or other tribunal or forum in the United States or elsewhere, any claims against the Plaintiff Releasees relating to the institution or prosecution of the Class Action.

10. Upon the Effective Date, the Released Claims (as defined in the Stipulation and paragraph 11 below) against each and all of the Released Parties (as defined in the Stipulation and paragraph 11 below) shall be fully, finally and forever released, relinquished, discharged and dismissed with prejudice and on the merits, without costs to any party (except as otherwise provided in the Stipulation), upon entry of this Judgment.

11. As used in this Order, the terms "Released Parties," "Released Claims," and "Unknown Claims" shall have the meanings as provided in the Stipulation, and specified below:

(a) "Released Parties" means:

(i) with respect to the Defendants: the Defendants, their respective present and former parents, subsidiaries, divisions and affiliates, the present and former employees, officers and directors of each of them, the present and former attorneys, accountants, auditors, advisors, trustees, administrators, fiduciaries, consultants, representatives, insurers, and agents of each of them, and the predecessors, heirs, successors and assigns of each of them (together, the "Defendant Releasees"), and any Person or entity which is or was related to or affiliated with any Defendant Releasee or in which any Defendant Releasee has or had a controlling interest and the present and former employees, officers and directors, attorneys, accountants, auditors, advisors, trustees, administrators, fiduciaries, consultants, representatives, insurers, and agents of each of them (all, with the Defendant Releasees, the "Defendant Released Parties").

(ii) with respect to Plaintiffs: the Lead Plaintiffs and all other Class Members, their respective present and former parents, subsidiaries, divisions, affiliates, transferees and assigns, the present and former legal representatives, employees, officers and directors of each of them, the present and former attorneys, accountants, auditors, advisors, trustees, administrators, executors, fiduciaries, consultants, representatives, insurers, and agents of each of them, and the predecessors, heirs, successors and assigns of each, and Plaintiffs' Counsel (together, the "Plaintiff Releasees"), any Person or entity in which any Plaintiff Releasee has or had a controlling interest or which is or was related to or affiliated with any Plaintiff Releasee, and any Person or entity making claims (now or in the future) through or on behalf of any Plaintiff Releasee.

(b) "Released Claims" means:

(i) with respect to the Defendant Released Parties the release by Lead Plaintiffs and all Class Members of all claims, demands, rights, liabilities, causes of action, suits,

matters and issues of every nature and description (including, but not limited to, Unknown Claims), whether under federal, state or other law, asserted by or that could have been asserted by or on behalf of Plaintiffs or any Class Member, arising out of or relating to, directly or indirectly (including derivatively) the purchase or acquisition of LG Display's publicly traded securities during the Class Period, and the facts, matters, allegations, transactions, events, disclosures, statements, acts or omissions that were alleged or that could have been alleged in the Complaint.

(ii) with respect to Lead Plaintiffs and all other Class Members, the release by the Defendants of all claims, demands, rights, liabilities, causes of action, suits, matters and issues of every nature and description, including Unknown Claims, whether under federal, state or other law, asserted in the Class Action or that could have been asserted, including, but not limited to, in the Class Action against the Plaintiff Releasees, arising out of or relating in any way to the institution, prosecution or settlement of the Class Action (except claims to enforce the Settlement).

(c) "Unknown Claims" means any Released Claims that any Lead Plaintiff or Class Member does not know of or suspect to exist in his, her or its favor at the time of the release of the Defendant Released Parties and any Released Claim that any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of the Plaintiff Releasees which, if known by him, her or it might have affected his, her or its decisions with respect to the Settlement including, with respect to Plaintiffs, his, her or its decision not to object to this Settlement or not to exclude himself, herself or itself from the Class. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiffs shall expressly waive, and each of the Class Members shall be deemed to have and by operation of the Judgment shall have expressly waived, the provisions, rights and benefits of California Civil Code § 1542 and any provisions, rights and benefits conferred by any law of any state or territory of the United States or

principle of common law which is similar, comparable or equivalent to California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true with respect to the subject matter of the Released Claims, but each Lead Plaintiff shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have fully, finally and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Lead Plaintiffs and the Defendants acknowledge, and the Class Members shall be deemed to have acknowledged, and by operation of the Judgment shall have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

12. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claim or of any wrongdoing or liability of the Defendants; (ii) is or may be deemed to be or may be used as an admission or evidence of any liability, fault or omission of the Defendants in any civil, criminal or administrative proceeding in any court, arbitration proceeding, administrative agency or other forum

- 6 -
612483_1

or tribunal, other than in such proceedings as may be necessary to consummate or enforce the Stipulation, the Settlement or the Judgment; or (iii) is or may be deemed to be or may be used as an admission, concession or presumption against Lead Plaintiffs or the Class that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

13. Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over the Parties for all matters relating to this Class Action, including (a) the implementation of the Settlement; (b) any award of the Settlement Fund, including interest earned thereon; and (c) all further proceedings concerning the administration, consummation and enforcement of the Stipulation, the Settlement and this Judgment.

14. The finality of this Judgment shall not be affected, in any manner, by rulings the Court may make concerning the Plan of Allocation and/or Lead Counsel's application for an award of attorneys' fees and expenses. The Defendants shall have no obligation to pay the Settlement Amount into the Class Settlement Account except as specifically provided in paragraph 9 of the Stipulation, and there shall be no distribution of any of the Net Settlement Fund to any Class Member until a Plan of Allocation is finally approved and is affirmed on appeal and/or is no longer subject to review by appeal or certiorari, and the time for any petition for rehearing, appeal, or review, by certiorari or otherwise, has expired.

15. In the event that the Effective Date does not occur, this Judgment shall be rendered null and void and shall be vacated nunc pro tunc, and the provisions of paragraphs 21 and 22 of the Stipulation shall apply.

16. The Court finds that Lead Plaintiffs and Lead Counsel adequately represented the Class for purposes of negotiating, entering into, and implementing the Settlement.

17. The Court has considered the objection submitted by Orloff Fam Tr UAD 12/31/01 Marshall J. Orloff & Ann S. Orloff TTEES, and such objection is hereby overruled.

18. This Judgment is a final judgment in the Class Action as to all claims among the Parties.

19. Nothing in this Judgment shall preclude any action to enforce the terms of the Stipulation or this Judgment.

20. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

SO ORDERED:

Dated: __March 17, 2011__  _____
THE HONORABLE RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

